**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

In re:                                                    **Chapter 11**

**CUREPOINT, LLC,**                          **Case No. 22-56501-jwc**

                                **Debtor.**

---

**EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL**

Curepoint, LLC (the "**Debtor**") files this motion (the "**Motion**"), for the entry and approval

of an order, pursuant to Sections 105, 361, and 363 of the Bankruptcy Code and Rules 2002 and

4001 of the Federal Rules of Bankruptcy Procedure, authorizing the Debtor's use of cash collateral

on an emergency basis to continue its operations in accordance with the proposed budget attached

hereto as **Exhibit A** (the "**Budget**") and the Proposed Interim Order (as defined below) attached

as **Exhibit B**, respectfully showing the Court as follows:

**BACKGROUND**

1.      On August 19, 2022 (the "**Petition Date**") the Debtor filed a voluntary petition for

relief under SubChapter V of Chapter 11 of the Bankruptcy Code.  Since the Petition Date, the

Debtor has continued in possession of its property and has operated and managed its affairs as a

debtor-in-possession pursuant to the provisions of §§ 1107 and 1108 of the Bankruptcy Code.  No

creditors' committee, trustee, or examiner has been appointed in this case.

2.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157(b) and

1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding

pursuant to 28 U.S.C. § 157(b).  The Debtor consents to the entry of final orders and judgments

by the Bankruptcy Court.

3.     Debtor is a radiation center that provides radiation treatment for cancer patients. The Debtor's facility is located in Dublin, Georgia. The Debtor's manager, Philip Miles, is based in Atlanta, Georgia and manages the Debtor from its office in Alpharetta, Georgia. Like so many other small businesses, the Debtor suffered a series of setbacks at the hands of the pandemic, including seeking out financing from merchant cash advance companies. Debtor was and continues to be involved in multiple law suits through which significant legal fees were incurred.

### PRE-PETITION FINANCING

4.     Upon information and belief, multiple merchant cash advance companies (the "**MCAs**") assert liens on Debtor's Cash Collateral, as defined below. Because the MCAs file UCC-1 financing statements through a servicer, such as Corporation Service Company, it is impossible at this stage to determine which MCA asserts a first position interest in Debtor's Cash Collateral. Upon information and belief, the following lenders may assert an interest in Debtor's Cash Collateral:  CLG Servicing, LLC, Lafayette Bank, NFG Advance, LLC, Parkview Advance, LLC, PointOne Capital, LLC, U.S. Small Business Administration, AMOA Finance, LLC, and First Liberty Building and Loan (the "**Lenders**").

5.     Certain revenue of the Debtor may constitute Cash Collateral as that term is defined in 11 U.S.C. Section 363 (the "**Cash Collateral**").  The Debtor believes that the Lenders may assert an interest in the Cash Collateral.  The Debtor is not aware of any other creditor asserting an interest in the Cash Collateral.

### RELIEF REQUESTED

6.     By this Motion, the Debtor seeks interim and final authorization to use Cash Collateral.  The Debtor proposes to use Cash Collateral for general operational and administrative expenses as set forth in the Budget. The expenses incurred by the Debtor and for which Cash

Collateral will be used will all be incurred in the normal and ordinary course of business. A proposed *Interim Order Authorizing Debtor to Use Cash Collateral and Granting Adequate Protection* (the "**Proposed Interim Order**") is attached hereto as **Exhibit B**.

7.      Bankruptcy Code Section 363(c)(2) provides that a debtor-in-possession may not use cash collateral unless an entity that has an interest in such cash collateral consents or the Court approves the use, conditioned on provision of adequate protection. Section 363(o) provides that at a hearing on the use of cash collateral, the entity asserting an interest in the cash collateral has the burden of proof on the issue of the validity, priority, or extent of such interest, and the debtor-in-possession has the burden of proof on the issue of adequate protection. Rule 4001(b)(2) provides that the Court may not hold a final hearing on a motion to use cash collateral earlier than 14 days after service of the motion but may authorize the use of cash collateral prior to a final hearing as necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

8.      The Debtor requests authority to use Cash Collateral for the purpose of avoiding immediate and irreparable harm to the estate. The authority to continue using Cash Collateral should continue until the Court rules on the Debtor's request following a final hearing.

9.      The Debtor recognizes that the Lenders may be entitled to adequate protection of their interests in Cash Collateral (if any) within the meaning of 11 U.S.C. §§ 361 and 363.  To the extent that any interest that the Lenders may have in the Cash Collateral is diminished, the Debtor proposes to grant the Lenders a replacement lien in post-petition collateral of the same kind, extent, and priority as the liens existing pre-petition (the "**Adequate Protection Lien**"), except that the Adequate Protection Lien will not extend to the proceeds of any avoidance actions received by the Debtor or the estate pursuant to chapter 5 of the Bankruptcy Code.  Hence, the Lenders' interests in the Debtor's Cash Collateral, to the extent they have any, are adequately protected.

10.     The Debtor further requests that the Court schedule a final hearing on Cash Collateral use, and following such hearing, enter a final order authorizing Cash Collateral use. At that hearing, the Court may consider any additional adequate protection requested by the Lenders or agreed upon by the Debtor.

11.     If the Debtor is not allowed to use Cash Collateral, it will likely be forced to shut down without an orderly process, which will diminish the value of its assets. The Debtor requires the use of Cash Collateral to protect and preserve its value.

12.     Notwithstanding anything contained herein, the Debtor reserves the right to dispute the Lenders' secured status and the extent to which their claims may be secured, if at all, and the extent of any Adequate Protection Liens granted in any interim order or final order on this Motion.

### BASIS FOR RELIEF

13.     Section 363(c)(2) of the Bankruptcy Code authorizes a debtor to use cash collateral if either (a) each entity with an interest in the cash collateral consents, or (b) the Court, after notice and a hearing, authorizes such use. 11 U.S.C. § 363(c)(2).

14.     Section 363(e) of the Bankruptcy Code conditions such use on the provision of "adequate protection" of the secured parties' interests. 11 U.S.C. § 363(e).  The Bankruptcy Code does not explicitly define "adequate protection," but does provide a non-exclusive list of the means by which a debtor may provide adequate protection, including "other relief" resulting in the "indubitable equivalent" of the secured creditor's interest in such property.  11 U.S.C. § 361. What constitutes adequate protection must be evaluated on a case-by-case basis*.  In re Swedeland Dev. Group Inc*., 16 F.3d 552, 564 (3d Cir. 1994) (*citing In re O'Connor*, 808 F.2d 1393, 1396-97 (10th Cir. l987)); *In re Martin*, 761 F.2d 472, 476 (8th Cir. 1985).

15.     The Bankruptcy Code expressly provides that "granting a replacement lien is a means of adequate protection".  11 U.S.C. § 361(2).  Granting replacement liens provides ample adequate protection of the secured creditor's interest in cash collateral.  *See e.g. In re O'Connor*, 808 F.2d at 1393; *In re Dixie-Shamrock Oil & Gas. Inc.*, 39 B.R. 115, 118 (Bankr. M.D. Tenn. 1984).

16.     The Debtor's requested use of Cash Collateral as set forth in the Budget and the protections proposed to be afforded to the Lenders in the Proposed Interim Order, in light of the circumstances, are reasonable, appropriate, and sufficient to satisfy the legal standard of "adequate protection" and will serve to maintain the value of the Lenders' collateral. For all of the reasons stated above, approval of the Motion is proper.

### CONCLUSION

**WHEREFORE**, The Debtor prays that this Court (i) grant it authority to use Cash Collateral, (ii) grant the Adequate Protection Lien to the Lenders, (iii) set the Motion for a final hearing, and (iv) grant such other relief as is just and proper.

[*Signature of counsel on following page*]

Dated: August 22, 2022                **ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Will Geer*
Will B. Geer, Ga. Bar No. 940943
William A. Rountree, Ga. Bar No. 616503
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlkglaw.com
wgeer@rlkglaw.com
cpowers@rlkglaw.com
*Proposed Attorneys for the Debtor*

## Exhibit A

**Budget**

**CurePoint**

| Expenses | 4 Week Budget | Week 1 | Week 2 | Week 3 | Week 4 |
|---|---|---|---|---|---|
| **Personnel Costs** | | | | | |
| Wages and Benefits | $ 75,000 | $ 37,500 | $ - | $ - | $ 37,500 |
| Independent Contractors- medical physics | 12,500 | 12,500 | - | - | - |
| Independent Contractors- physicians | 67,300 | - | 27,300 | - | 40,000 |
| **Total Personnel Costs** | $ 154,800 | $ 50,000 | $ 27,300 | $ - | $ 77,500 |
| | | | | | |
| Bank Service Charges | 250 | - | - | 250 | - |
| Insurance | 4,200 | - | - | 4,200 | - |
| **Office Expense** | | | | | |
| Advertising | 500 | - | - | 500 | - |
| Billing & Coding | 16,250 | - | - | 16,250 | - |
| Janitorial & Building Maintenance | 3,000 | - | 3,000 | - | - |
| Dues/Subscriptions | 300 | - | 300 | - | - |
| Office Supplies | 525 | - | 525 | - | - |
| Medical Supplies | 2,000 | - | 2,000 | - | - |
| Computer & IT | 1,500 | - | 1,500 | - | - |
| Miscellaneous | 500 | - | 500 | - | - |
| **Total Office Expense** | 24,575 | - | 7,825 | 16,750 | - |
| Equipment Maintenance | 45,000 | - | - | 45,000 | - |
| Software Expense | 12,355 | - | 3,285 | 237 | 8,833 |
| Legal Expenses | - | - | - | - | - |
| Professional Fees | 1,000 | - | - | - | 1,000 |
| Taxes | 5,250 | - | - | - | 5,250 |
| Rent | 22,500 | - | - | 22,500 | - |
| Utilities | 3,550 | - | 3,550 | - | - |
| **Total Expenses** | $ 273,480 | $ 50,000 | $ 41,960 | $ 88,937 | $ 92,583 |
| | | | | | |
| Non Recurring Arrearage | $ 27,300 | $ - | $ 27,300 | $ - | $ - |
| Recurring | $ 246,180 | $ 50,000 | $ 14,660 | $ 88,937 | $ 92,583 |

**Exhibit B**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CUREPOINT, LLC,** | **Case No. 22-56501-jwc** |
| **Debtor.** | |

**INTERIM ORDER AUTHORIZING DEBTOR TO USE**
**CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

This matter came before the Court on August __, 2022 for hearing (the "**Preliminary Hearing**") on the Motion of Curepoint, LLC (the "**Debtor**") for Authority to Use Cash Collateral (the "**Motion**").[1] Upon consideration of the Motion, representations of counsel at the Preliminary Hearing, and all other matters of record, the Court hereby finds:

A. The Debtor filed its petition for relief under SubChapter V of chapter 11 of the Bankruptcy Code on   August 19, 2022 (the "**Petition Date**").  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor remains in possession of its assets and has continued the operation and management of its business in this chapter 11 case.

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

B. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2), involving matters under 11 U.S.C. §§ 361 and 363.  Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

C. The Debtor asserts that it is allegedly a borrower on certain loans with various lenders described in the Motion (the "**Lenders**"), which may assert security interests in certain of the Debtor's personal property.

D. The revenue from the Debtor's business may constitute Cash Collateral as that term is defined in 11 U.S.C. § 363 (the "**Cash Collateral**").  The Debtor believes that the Lenders may assert an interest in the Cash Collateral.  The Debtor is not aware of any other creditor asserting an interest in the Cash Collateral.

E. The Debtor asserts that it generates substantially all of its revenue from the operation of its business.

F. The Debtor asserts that it has provided actual notice of the Motion and the relief requested therein to the Lenders, to each of the Debtor's Twenty Largest Unsecured Creditors, and the United States Trustee.

G. The Debtor alleges that an immediate need exists for the Debtor to obtain use of the Cash Collateral to fund critical operations. A schedule of the Debtor's revenues and cash requirements for the 4 weeks following the Petition Date is set forth in the budget (the "**Budget**") attached to the Motion as **Exhibit A**.

H. The Debtor alleges that to preserve the value of its assets, it requires the use of the Cash Collateral in accordance with this Order.

I. Good cause has been shown for the entry of this Order and authorization for the Debtor to use cash collateral pending the final hearing on the Motion pursuant to Bankruptcy

Rule 4001(b) (the "**Final Hearing**"). Among other things, entry of this Order will minimize disruption, will increase the possibility for a successful reorganization, and is in the best interests of the Debtor, its creditors, and other parties-in-interest.

Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED:**

1.     The Motion is GRANTED on an interim basis. Subject to the terms hereof, this Order is effective immediately.

2.     The Debtor is authorized to use Cash Collateral as set forth herein from the date of the entry of this Order through and including the date of the final hearing on the Motion (the "**Interim Period**").  The Interim Period may be extended by further order of the Court.

3.     To provide adequate protection for the Debtor's use of the Cash Collateral authorized hereunder, the Lenders, to the extent they hold a valid lien, security interest, or right of setoff as of the Petition Date under applicable law, are hereby granted a valid and properly-perfected lien (the "**Adequate Protection Lien**") on all property acquired by the Debtor after the Petition Date that is the same or similar nature, kind, or character as the Lenders' respective pre-petition collateral, except that no such replacement lien shall attach to the proceeds of any avoidance actions under Chapter 5 of the Bankruptcy Code.  The Adequate Protection Lien shall be deemed automatically valid and perfected upon entry of this Order.

4.     Nothing herein shall be construed as a finding or conclusion that the Lenders or any other party holds a valid security interest, lien, or any interest in any of the Debtor's assets, and all parties' rights with respect to such issues are reserved.

5.      This Order is entered without prejudice to the rights of either the Lenders or the Debtor to seek a modification of the terms hereof after notice and a hearing, and without prejudice to the right of Debtor to object to any claim

6.      The Court shall hold a final hearing on the Motion on _____, 2022 at _____ **in Courtroom 1203, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303**. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website www.ganb.uscourts.gov prior to the hearing for instructions on appearing by phone.

7.      The instant Order shall remain valid until such hearing, or any continuation thereof, has been held and a ruling entered.

### ### END OF ORDER ###

**Prepared and presented by:**

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Will Geer*
Will B. Geer, Ga. Bar No. 940943
William A. Rountree, Ga. Bar No. 616503
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlkglaw.com
wgeer@rlkglaw.com
*Proposed Attorneys for the Debtor*

**<u>Distribution List</u>**

William A. Rountree and Will Geer
Rountree Leitman Klein & Geer, LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329

Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303