UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>CUREPOINT, LLC,<br><br>　　　　　Debtor.<br><br>MARK W. MCCORD, M.D.,<br><br>　　　　　Movant,<br><br>v.<br><br>CUREPOINT, LLC,<br><br>　　　　　Respondent. | CHAPTER 11<br><br>CASE NO. 22-56501-jwc<br><br><br><br><br><br>CONTESTED MATTER |

NOTICE OF HEARING ON MOVANT'S MOTION TO APPOINT CHAPTER 11 TRUSTEE

　　　NOTICE IS HEREBY GIVEN that the attached MOTION TO APPOINT CHAPTER 11 TRUSTEE (the "Motion") has been filed on September 21, 2022 in the above-styled case.

　　　The Court shall hold a hearing on the Motion on **Wednesday, October 12, 2022 at 10:00 o'clock a.m. in Courtroom 1203, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303**; participants may dial-in via the following: toll free number: **833-568-8864; Meeting ID 160 459 5648.**

　　　Parties may participate via Zoom at the following link: https://www.zoomgov.com/j/1604595648?pwd=ME1vQWt5WTZmQjhKdXJqWG55TWl3Zz09. This link is best used on a desktop or laptop computer but may be used on a phone or tablet and can also be found on Judge Jeffery Cavender's webpage at
https://www.ganb.uscourts.gov/content/honorable-jeffery-w-cavender. Participants' devices must have a camera and audio.

　　　Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do

1

not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing, either in person, by telephone or by zoom. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

Respectfully submitted this 21st day of September, 2022.

>*/s/ John Michael Levengood*
>John Michael Levengood
>Georgia Bar No. 447934
>*Co-Counsel for Dr. McCord*

Law Office of J. Michael Levengood, LLC
150 S. Perry St., Suite 208
Lawrenceville, GA 30046
Telephone:    (678) 765-1745
Facsimile:     (678) 606-5031
Email:          mlevengood@levengoodlaw.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>CUREPOINT, LLC,<br><br>Debtor.<br><br>MARK W. MCCORD, M.D.,<br><br>Movant,<br><br>v.<br><br>CUREPOINT, LLC,<br><br>Respondent. | CHAPTER 11<br><br>CASE NO. 22-56501-jwc<br><br><br><br><br><br>CONTESTED MATTER |

**MOTION TO APPOINT CHAPTER 11 TRUSTEE**

COMES NOW Mark W. McCord, M.D. ("Dr. McCord") and files this "Motion to Appoint Chapter 11 Trustee" (the "Motion") and shows the Court as follows:

**Background**

1. On August 19, 2022 (the "Petition Date"), CurePoint, LLC ("CurePoint" or the "Debtor") filed a Voluntary Petition for Relief Under Subchapter V of Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§101 et seq., (the "Bankruptcy Code")[ Docket No. 1.]

2. The Debtor operates a cancer treatment center with radiation oncologists, radiation therapists and medical physicists that is located in Dublin, Georgia (the "Dublin Facility").

1

3. Dr. McCord holds an unsecured claim for contribution/indemnification that has been scheduled by the Debtor at $840,000. [See Docket No. 37, page 20 of 62.] Dr. McCord was listed as the largest unsecured creditor by the Debtor in its List of Twenty Largest Unsecured Creditors. [See Docket No. 1, page 5 of 8.] Dr. McCord is one of three equal members of Physician Financial Partners, LLC ("PFP"), which in turn holds 95.01% of the ownership of the Debtor. Dr. McCord was a co-manager of CurePoint, with his primary function being to oversee the medical practice of the Debtor, until approximately the end of 2017 when he was removed from his management positions and frozen out of PFP and the Debtor by fellow members Phillip Miles and Daniel Dooley.

4. The Debtor filed an Amendment to its Petition to remove its Subchapter V election because the amount of its claims exceeded the $7,500,000 eligibility cap for relief under Subchapter V. [See Docket No. 34.]

5. The Debtor's Schedules and Statement of Financial Affairs are incomplete. [See Docket No. 37.] For example, the Schedule of Assets does not disclose sums owed to CurePoint by companies owned or controlled by Phillip Miles to CurePoint. This omission is important because following the Debtor's inception in 2014, Phillip Miles caused many transfers to be made by CurePoint to other entities affiliated with Mr. Miles without consideration flowing to CurePoint.

6. At the same time CurePoint commenced this Chapter 11 case, Zeroholding, LLC ("Zeroholding") -- a company also controlled by Phillip Miles -- filed a Voluntary

Petition for Relief under Subchapter V of Chapter 11 of the Bankruptcy Code, thereby commencing Chapter 11 Case No. 22-56502 before this Court. The Statement of Financial Affairs filed by the Debtor disclose certain intercompany transfers that were made by the Debtor within the one-year period preceding the Petition Date [See Docket No. 37, pages 52 to 55 of 62]. These intercompany transfers include a total of $118,000 transferred by CurePoint to Zeroholding during that one-year period. Additionally, the CurePoint bank statements reflect that CurePoint transferred to Zeroholding $744,000 more than it received from Zeroholding during the period from March 30, 2018 to February 5, 2021. The Debtor's Schedules of Assets do not disclose as an asset either the $118,000 or the $744,000 excess of funds transferred by CurePoint to Zeroholding and owed by Zeroholding to CurePoint.

7.   The Debtor also disclosed inter-company transfers to Northwinds Leasing , LLC ("Northwinds Leasing"), which is another company owned or controlled by Phillip Miles. The Debtor disclosed in its Statement of Financial Affairs [See Docket No. 37, pages 52 to 55 of 62] a total of $606,877.96 transferred by CurePoint to Northwinds Leasing during the one-year period before the Petition Date. Additionally, the CurePoint bank statements reflect that CurePoint transferred to Northwinds Leasing $2,731,019.12 more than it received from Northwinds Leasing during the period from March 2, 2016 to January 29, 2021. The Debtor's Schedules of Assets do not disclose as an asset of the estate any amount owed by Northwinds Leasing.

8.   The Debtor also disclosed inter-company transfers to MEC Capital, Inc.

("MEC Capital"), which is another company owned or controlled by Phillip Miles. The Debtor disclosed in its Statement of Financial Affairs [See Docket No. 37, pages 52 to 55 of 62] a total of $103,100 transferred by CurePoint to MEC Capital during the one-year period before the Petition Date. Additionally, the CurePoint bank statements reflect that CurePoint transferred to MEC Capital $514,495.88 more than it received from MEC Capital during the period from March 30, 2015 to December 30, 2020. The Debtor's Schedules of Assets do not disclose as an asset of the estate any amount owed by MEC Capital.

9. The Debtor also disclosed inter-company transfers to Mittere, Inc., ("Mittere"), which is another company owned or controlled by Phillip Miles. The Debtor disclosed in its Statement of Financial Affairs [See Docket No. 37, pages 52 to 55 of 62] a total of $436,350 transferred by CurePoint to Mittere during the one-year period before the Petition Date. Additionally, the CurePoint bank statements reflect that CurePoint transferred to Mittere $17,182.55 more than it received from Mittere during the period from May 29, 2015 to August 12, 2020. The Debtor's Schedules of Assets do not disclose as an asset of the estate any amount owed by Mittere.

10. Accordingly, the Debtor has failed to disclose more than $4 million of assets in its Schedules all of which related to Phillip Miles owned or controlled companies. Phillip Miles signed the Debtor's Schedules under penalty of perjury. Phillip Miles and his son, Michael Miles, perform all of the tax and accounting work for all of the entities described above.

11. The U.S. Trustee conducted the First Meeting of Creditors on September 12, 2022 at which Phillip Miles testified on behalf of the Debtor. Phillip Miles admitted that there are no promissory notes or other evidence of loans to support significant transfers of money from CurePoint to other companies, including Zeroholding, that are owned or controlled by Phillip Miles. According to Phillip Miles, these "inter-company transfers" are purportedly just itemized in a "detailed ledger." He further acknowledged that the transfers contain no repayment terms (such as interest rates or due dates). The U.S. Trustee has continued the First Meeting of Creditors to October 7, 2022 in order for the Debtor to produce additional documents or information.

12. Phillip Miles would have the Court believe that there is only $3,000 owed by Zeroholding to CurePoint if the transfers from CurePoint to Zeroholding during the one-year period before the Petition Date are netted out. That is both inaccurate and, more importantly, beside the point. All of the Debtor's transfers during the one-year period before the Petition Date to companies owned or controlled by Phillip Miles are at best preferential transfers and more likely fraudulent conveyances. Cash received by the Debtor may give rise to unsecured claims but the Debtor's Schedules do not list amounts transferred by such Phillip Miles-affiliated companies as unsecured claims.

13. Phillip Miles also testified on behalf of Zeroholding, LLC ("Zeroholding") at its First Meeting of Creditors, which was held immediately following the First Meeting of Creditors in this case. At the First Meeting of Creditors in the Zeroholding Chapter 11 case, Phillip Miles testified about intercompany transfers that were made by

5

Zeroholding within the one-year period preceding the Petition Date. Mr. Miles also admitted that he caused CurePoint to guarantee Zeroholding loans and when asked why, he replied that it was because the creditors required it. Phillip Miles did not identify any consideration received by CurePoint for its execution of the corporate guarantees to support the Zeroholding loans. There was none. These corporate guarantees are significant. They include scheduled claims of Newtek Small Business Finance of $3,500,000, Click Capital Group of $420,000, Premium Merchant Funding of $200,000 and Zen Capital of $100,000. These apparently fraudulent conveyances total $4,220,000 out of a total of $5,610,000 in scheduled unsecured claims which is more than 75% of them.

14. Phillip Miles also was evasive when asked about the ownership of CurePoint Dublin LLC ("CurePoint Dublin") at the First Meeting of Creditors. CurePoint Dublin now owns the building in which the Debtor operates and which is receiving lease payments from the Debtor that are much greater than the lease payments paid by the Debtor to the predecessor in title to CurePoint Dublin. CurePoint Dublin was organized by Michael Miles on June 18, 2020 and lists its principal office address as 11175 Cicero Drive, Ste. 100, Alpharetta, GA 30022, which also serves as the principal office of the Debtor. Michael Miles is son of Phillip Miles. In its Annual Registration filed with the Georgia Secretary of State on February 3, 2021, CurePoint Dublin listed Michael Miles as the Registered Agent for CurePoint Dublin. The registered office of CurePoint Dublin is Phillip Miles's home address: 300 Hayward Lane, Alpharetta, GA 30222. Marc Lewyn signed CurePoint Dublin's Annual Registration as Organizer

6

(notwithstanding the fact that the Articles of Organization of CurePoint Dublin issued by the Georgia Secretary of State reflect that Michael Miles was the Organizer).

15. At the continued interim hearing on the use of cash collateral in the CurePoint Chapter 11 case that was held on September 15, 2022, the Debtor informed the Court that it plans to sell the Dublin Facility and is currently negotiating an Asset Purchase Agreement with a prospective purchaser. The Debtor also reported that it plans to file a motion to approve bid procedures in connection with its sale of its assets and is contemplating a break-up fee. Counsel for AMOA Finance, LLC reached out to Debtor's counsel as early as August 29, 2022 expressing an interest in purchasing the Debtor's assets, and yet heard nothing until the meeting of creditors when it was announced that Phillip Miles had a still-unidentified purchaser.

16. Cause exists for the appointment of a Chapter 11 Trustee in this case for at least three reasons: First, Phillip Miles has disregarded the corporate form by transferring funds to and from companies, including two debtors in possession, that he owns or controls for at least the past five years. The amount of such inter-company transfers that are disclosed in the Statement of Financial Affairs filed in the CurePoint Chapter 11 case (one year) is but a small portion of the total amount of such transfers Phillip Miles directed. The Debtor's Schedules do not list as assets any part of the more than $4 million excess amount of funds transferred by CurePoint to Phillip Miles-owned or controlled companies. Second, Phillip Miles has subjected CurePoint to more than $4 million of corporate guaranty claims for which CurePoint received no consideration, that

7

unless avoided will substantially dilute any distribution to holders of allowed unsecured claims against CurePoint. Third, the Debtor under the direction of Phillip Miles is not conducting a fair and open sales process.

17. The appointment of a Chapter 11 Trustee is in the best interest of creditors. A Chapter 11 Trustee can conduct a robust asset sale process to obtain the highest and best possible sale price for the Dublin facility by adequately marketing the property. Once the sale has closed, the Chapter 11 Trustee should collect all sums owed by Phillip Miles-owned or controlled companies to the Debtor by commencing appropriate collection and avoidance litigation against the Phillip Miles-affiliated recipients of cash from CurePoint, pursue claims against Phillip Miles for his self-dealing and breach of fiduciary duties to the Debtor, and examine and pursue the avoidance as fraudulent conveyances of all corporate guarantees executed by the Debtor to enable Zeroholding, LLC to obtain loans.

18. Creditors of CurePoint cannot reasonably expect Phillip Miles to commence litigation against Zeroholding to avoid corporate guarantees that he caused to be made to enable Zeroholding to obtain loans. See the Supplement to Application to Approve Employment of Attorneys [Docket No. 47] stating at paragraph 9, in part, "RLKG may obtain, as necessary, conflicts counsel to represent Debtors [CurePoint and Zeroholding] with respect to their potential claims against each other. An Avoidance action analysis is in the process of being completed." A Chapter 11 Trustee will not have any such conflict.

8

19. Creditors of CurePoint cannot reasonably expect Phillip Miles to commence litigation against the recipients of intercompany transfers which at best are avoidable preferential transfers and more likely are avoidable fraudulent conveyances.

20. Phillip Miles has been sanctioned by FINRA and barred from any association with any FINRA member in any capacity as of June 29, 2010. The allegations were that Phillip Miles failed to respond to FINRA requests to provide a written statement regarding unauthorized trading and false account values.

## Jurisdiction

21. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C. §157(b)(2)(A). Venue is proper pursuant to 28 U.S.C. § 1408 and 1409. The statutory predicate for the relief requested herein is Bankruptcy Code Section 1104 and Bankruptcy Rule 9014.

## Argument

22. The Bankruptcy Code provides for the mandatory appointment of a trustee "for cause" under Bankruptcy Code Section 1104 or if the court determines such appointment to be in the interests of creditors, any equity securities holders, and other interests of the estate. Cause includes fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause. See, Bankruptcy Code Section 1104(a)(1) and (2).

23. The Bankruptcy Code recognizes that what constitutes sufficient cause for

9

the appointment of a chapter 11 trustee is a question of fact. In re Sharon Steel Corp., 871 F.2d 1217, 1222 (3rd. Cir. 1986)(finding "cause" due to debtor-in-possession's gross mismanagement of estate and internal conflicts of interest, noting "numerous prepetition transfers of Sharon assets that amounted at best to voidable preferences and at worst fraudulent conveyances, none of which had been questioned by the debtor-in-possession. Not only had Sharon failed to sue for recovery of these transfers, but the bankruptcy court questioned the current management's ability to fulfill its fiduciary duty to pursue these claims since Sharon shares common management with the recipients of the transfers, who also owe conflicting fiduciary duties to the recipients. Disclosure of the transfers did not cure the preferential or fraudulent transfers."), 7 Collier on Bankruptcy ¶ 1104.01[c][a] (15th Ed.). Once a bankruptcy court determines that the facts as presented establish cause, the court must appoint a trustee. In re Savino Oil & Heating Co., Inc., 99 B.R. 518, 525 (Bankr. E.D.N.Y 1989)(citing numerous cases).

24. Additionally, Bankruptcy Code Section 1104(a)(2) provides bankruptcy courts with wide discretion to appoint a trustee even absent wrongdoing or mismanagement. See, e.g., In re Sharon Steel Corp., 871 F.2d 1217, 1226 (3rd Cir. 1989); Tradex v. Morse, 339 B.R. 823, 829 (D. Mass. 2006); In re Bellevue Place Assocs., 171 B.R. 615, 623 (N.D. Ill. 1994); see also In re Ionosphere Clubs, Inc., 113 B.R. 164 (Bankr. S.D.N.Y. 1990).

25. Where the court finds either that cause exists or that appointment is in the best interest of the parties, an order for the appointment of a trustee is mandatory. Official Comm. Of Asbestos Pers. Injury Claimants v. Sealed Air Corp. (In re W.R. Grace & Co.),

10

285 B.R. 148, 158 (Bankr. D. Del. 2002).

26. Appointment of a chapter 11 trustee is in the best interest of the creditors and the estate because the Debtor has announced that it does not plan to reorganize but instead plans to seek Bankruptcy Court approval to sell its Dublin facility in an asset sale and an independent third-party would be more likely to subject the assets to the public for a sale to obtain the highest and best bid for the assets than would be the Debtor. Additionally, an independent third-party fiduciary must oversee the claims allowance process and commence avoidance litigation where appropriate and Phillip Miles has a disabling conflict of interest.

WHEREFORE, Dr. McCord respectfully requests that the Court conduct a hearing on this Motion, grant the Motion to appoint a Chapter 11 Trustee in this case, and grant such other and further relief as may be just and proper.

This the 21st day of September, 2022.

*/s/ John Michael Levengood*
John Michael Levengood
Georgia Bar No. 447934
*Co-Counsel for Dr. McCord*

Law Office of J. Michael Levengood, LLC
150 S. Perry St., Suite 208
Lawrenceville, GA 30046
Telephone: (678) 765-1745
Facsimile: (678) 606-5031
Email: mlevengood@levengoodlaw.com

and

11

                                      */s/ Thomas M. Barton*
                                      Thomas M. Barton
                                      Georgia Bar No. 040821
                                      Aaron P.M. Tady
                                      Georgia Bar No. 696273
                                      *Co-Counsel for Dr. McCord*

Coles  Barton LLP
150 S. Perry St., Suite 100
Lawrenceville, GA 30046
Telephone: (770) 995-5560
Facsimile: (770) 995-5582
Email: tbarton@colesbarton.com
        atady@colesbarton.com

12

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the NOTICE OF HEARING AND MOTION TO APPOINT CHAPTER 11 TRUSTEE was filed with the Clerk of Court and served on all parties of record via the Court's CM/ECF electronic filing system. I have also on this day caused a copy of the NOTICE OF HEARING AND MOTION TO APPOINT CHAPTER 11 TRUSTEE to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients not participating in the CM/ECF system as follows:

SEE EXHIBIT

This the 21st day of September, 2022.

> */s/ John Michael Levengood*
> John Michael Levengood
> Georgia Bar No. 447934
> *Co-Counsel for Dr. McCord*

Law Office of J. Michael Levengood, LLC
150 S. Perry St., Suite 208
Lawrenceville, GA 30046
Telephone:   (678) 765-1745
Facsimile:    (678) 606-5031
Email:         mlevengood@levengoodlaw.com

13

| | | |
|---|---|---|
| UNITED STATES ATTORNEY<br>ATTENTION: CIVIL PROCESS CLERK<br>NORTHERN DISTRICT OF GEORGIA<br>75 TED TURNER DRIVE SW SUITE 600<br>ATLANTA GEORGIA 30303-3309 | INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATION<br>P.O. BOX 7346<br>PHILADELPHIA PA 19101-7346 | ATTORNEY GENERAL OF THE UNITED STATES<br>C/O MERRICK GARLAND<br>U.S. DEPARTMENT OF JUSTICE<br>950 PENNSYLVANIA AVENUE NW<br>WASHINGTON D.C. 20530-0001 |
| SECRETARY OF THE TREASURY<br>15TH & PENNSYLVANIA AVENUE NW<br>WASHINGTON DC 20200 | INTERNAL REVENUE SERVICE<br>401 W. PEACHTREE STREET N.W.<br>STOP 334-D<br>ATLANTA GA 30308 | DEPARTMENT OF JUSTICE TAX DIVISION.<br>CIVIL TRIAL SECTION SOUTHERN REGION<br>P. O. BOX 14198<br>BEN FRANKLIN STATION<br>WASHINGTON D. C. 20044 |
| U.S. SMALL BUSINESS ADMINISTRATION<br>C/O DISTRICT DIRECTOR TERRI DENISON<br>233 PEACHTREE ST. NE. SUITE 300<br>ATLANTA GA 30303 | U. S. SECURITIES AND EXCHANGE<br>COMMISSION<br>OFFICE OF REORGANIZATIONSUITE 900<br>950 EAST PACES FERRY ROAD NE<br>ATLANTA GA 30326-1382 | NFG ADVANCE LLC<br>1308 KINGS HWY<br>BROOKLYN NY 11229 |
| BRIAN P. HALL ESQ.<br>COUNSEL FOR AMOA FINANCE LLC<br>SMITH GAMBRELL & RUSSELL LLP<br>1105 W. PEACHTREE STREET N.E. SUITE 1000<br>ATLANTA GA 30309 | DAVID A. GARLAND<br>COUNSEL FOR LAFAYETTE BANK<br>MOORE CLARKE DUVALL & RODGERS P.C.<br>2829 OLD DAWSON ROAD (31707)<br>POST OFFICE DRAWER 71727<br>ALBANY GEORGIA  31708-1727 | LESLIE M. PINEYRO<br>COUNSEL FOR ARVEST EQUIPMENT FINANCE<br>JONES & WALDEN LLC<br>699 PIEDMONT AVENUE NE<br>ATLANTA GEORGIA 30308 |
| JOHN MICHAEL LEVENGOOD<br>COUNSEL FOR DR. MARK MCCORD<br>LAW OFFICE OF J. MICHAEL LEVENGOOD LLC<br>150 S. PERRY ST. SUITE 208<br>LAWRENCEVILLE GA 30046 | CLG SERVICING LLC<br>C/O THE LLC THE REGISTERED AGENT<br>1433 HOOPER AVENUE SUITE 200<br>TOMS RIVER NJ 08753 | FIRST LIBERTY BUILDING & LOAN LLC<br>C/O KEITH LOG REGISTERED AGENT<br>3423 WEYMOUTH COURT<br>MARIETTA GA 30062 |
| PARKVIEW ADVANCE LLC<br>C/O REGISTERED AGENT THE LLC<br>25 ROBERT PITT DRIVE SUITE 204<br>MONSEY NY 10952 | POINTONE CAPITAL LLC<br>C/O REGISTERED AGENTS INC.<br>90 STATE STREET SUITE 700 OFFICE 40<br>ALBANY NY 12207 | GEORGIA DEPARTMENT OF REVENUE<br>COMPLIANCE DIVISION<br>ARCS - BANKRUPTCY<br>1800 CENTURY BLVD NE SUITE 9100<br>ATLANTA GA 30345-3202 |
| GEORGIA DEPARTMENT OF LABOR<br>C/O MARK BUTLER LABOR COMMISSIONER<br>148 ANDREW YOUNG INTER. BLVD ROOM 738<br>ATLANTA GA 30303-0000 | ALDER OPPORTUNITY LP<br>C/O MARNA L FRIEDMAN REGISTERED AGENT<br>3405 DALLAS HIGHWAY SUITE 827<br>MARIETTA GA 30064 | BANKERS HEALTHCARE GROUP LLC<br>C/O CRAWFORD ALBERT REGISTERED AGENT<br>10234 W. STATE ROAD 84<br>DAVIE FL 33324 |
| PLEXE LLC<br>C/O THE CORPORATION TRUST COMPANY<br>REGISTERED AGENT<br>CORPORATION TRUST CENTER<br>1209 ORANGE ST.<br>WILMINGTON DE 19801 | U.S. TRUSTEE<br>ROOM 362<br>C/O LINDSAY KOLBA<br>75 TED TURNER DRIVE SW<br>ATLANTA GEORGIA 30303 | U.S. BANK EQUIPMENT FINANCE<br>1310 MADRID ST.<br>MARSHALL MN 56258 |
| FRANCESCA MACCHIAVERNA<br>TAYLOR L. DOVE<br>HUNTER MACLEAN EXLEY & DUNN P.C.<br>P.O. BOX 9848<br>SAVANNAH GA 31412 | ZEN CAPITAL LLC<br>TALBOT TREVOR<br>602 NE 38TH ST<br>OAKLAND PARK FL 33334 | CITY CAPITAL NY LLC<br>C/O REGISTERED AGENTS INC.<br>90 STATE STREET SUITE 700 OFFICE 40<br>ALBANY NY 12207 |

```
CLICK CAPITAL GROUP LLC              MED DIRECT CAPITAL LLC           JOHN G. MCCULLOUGH ALDRIDGE PITE LLP
C/O REGISTERED AGENTS INC.           C/O IGNATOWICH MARISSA           3575 PIEDMONT ROAD NE SUITE 500
7901 4TH ST N STE 300                1075 ANCHOR PT                   ATLANTA GEORGIA 30305
ST. PETERSBURG FL 33702              DELRAY BEACH FL 33444


BANKERS HEALTHCARE GROUP LLC         MCKESSON MEDICAL-SURGICAL INC.   U.S. SMALL BUSINESS ADMINISTRATION
201 SOLAR STREET                     6651 GATE PARKWAY                200 W. SANTA ANA BLVD SUITE 740
SYRACUSE NY 13204-201                JACKSONVILLE FL 32256-6651       SANTA ANA CA 92701


FRED B. WACHTER ESQ.                 CAPITAL ONE BANK N.A.            ODK CAPITAL LLC
THE WACHTER LAW FIRM                 C/O CORPORATION SERVICE COMPANY  1400 BROADWAY
106 HAMMOND DRIVE NE                 REGISTERED AGENT                 NEW YORK NY 10018
ATLANTA GEORGIA 30328                100 SHOCKOE SLIP 2ND FLOOR
                                     RICHMOND VA 23219


MICHAEL F. HOLBEIN                   THOMAS M. BARTON
SMITH GAMBRELL & RUSSELL LLP         COLES BARTON LLP
1105 WEST PEACHTREE ST. NE           SUITE 100
SUITE 1000                           150 SOUTH PERRY STREET
ATLANTA GA 30309                     LAWRENCEVILLE GA 30046
```