UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| CUREPOINT, LLC, | : | CASE NO. 22-56501 - JWC |
| | : | |
| DEBTOR. | : | |
| _____ | : | _____ |
| | : | |
| MARY IDA TOWNSON, | : | |
| UNITED STATES TRUSTEE, | : | |
| | : | |
| MOVANT, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| CUREPOINT, LLC, | : | |
| | : | |
| RESPONDENT. | : | |

**UNITED STATES TRUSTEE'S MOTION FOR AN ORDER DIRECTING
THE APPOINTMENT OF A CHAPTER 11 TRUSTEE**

Mary Ida Townson, United States Trustee for Region 21, in furtherance of her administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a) and 11 U.S.C. § 1104(a), files this Motion for an Order Directing the Appointment of a Chapter 11 Trustee and in support therefor states as follows:

1.	The Court has jurisdiction of this matter under 28 U.S.C. §1334(a) and (b), 28 U.S.C. §157(a) and (b)(1).   This is a core proceeding under 28 U.S.C. §157(b)(2)(A).

2.	Pursuant to 28 U.S.C. § 586(a)(3) and (4), the United States Trustee's duties include supervising the administration of chapter 11 cases and monitoring deposits or investments under section 345 of title 11.

3.	The United States Trustee files this request in furtherance of her duties and responsibilities pursuant to 28 U.S.C. § 586 and 11 U.S.C. § 307.

## I. Procedural and Factual History

4. Curepoint, LLC (the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 et seq., on August 19, 2022.

5. Debtor operates a cancer treatment facility providing radiation oncology services at a location in Dublin, GA.

6. Phillip Miles ("Mr. Miles") signed Debtor's petition as Designated Manager of the Debtor.[1]

7. Physician Financial Partners, LLC owns 95.01% of Debtor; the remaining 4.99% is owned by Radiation Business Solutions, Inc.

8. Mr. Miles, through his entity MEC Capital, Inc. owns 50% of Physician Financial Partners, LLC.

9. Upon information and belief, Jamila Dadabhoy is manager of Physician Financial Partners, LLC and acted as manager of the Debtor pre-petition.

10. At the section 341 Meetings of Creditors, commenced on September 12, 2022 (the "Meeting of Creditors"), Mr. Miles testified, under oath, on behalf of the Debtor.[2]

11. At the Meeting of Creditors, Mr. Miles testified that prior to being designated as Debtor's manager for the bankruptcy filing, he would regularly request that Ms. Dadabhoy

---

[1] To date, Debtor has not filed a Corporate Resolution demonstrating Debtor's management authorized the filing of the Petition.

[2] The United States Trustee was unable to conclude the Meeting of Creditors because Debtor's schedules were filed fewer than three days prior to the Meeting of Creditors, not all creditors received notice of the Meeting of Creditors, and Mr. Miles' testimony at the Meeting of Creditors demonstrated Debtor's Schedules were incomplete.

delegate to him the authority to act on behalf of the Debtor with respect to Debtor's financial affairs.

12. At the Meeting of Creditors, Mr. Miles testified Debtor filed its bankruptcy case to address high-cost debt used to finance ongoing litigation.

### a. Debtor's Assets and Liabilities

13. In its Schedule A/B, Debtor listed assets with a total value of $1,921,519.78 consisting primarily of equipment and accounts receivable (Doc. No. 37, pg. 4-12).

14. In its Schedule D, Debtor scheduled secured claims totaling $6,174,000.00 (Doc. No. 37, pg. 13-18).[3]

15. In its Schedule E/F, Debtor scheduled nonpriority unsecured claims totaling $5,610,000.00 and no priority unsecured claims (Doc. No. 37, pg. 19-22).

16. Debtor's nonpriority, unsecured claims include $3,500,000.00 owed to Newtek Small Business Finance ("Newtek"). The primary obligor on the debt owed to Newtek is Zeroholding, LLC, though Zeroholding, LLC is not listed as a co-debtor on the Newtek obligation in Debtor's Schedule H.

17. At the Meeting of Creditors, Mr. Miles testified Debtor intends to sell its assets and business as a going concern with an anticipated price between five and six million dollars.

### b. Debtor's Pre-Petition Transfers

18. Question 4 on the Statement of Financial Affairs requires debtors to list all payments or transfers, including expense reimbursements, made in the year prior to filing on debts owed to an insider or guaranteed or cosigned by an insider.

---

[3] Schedule D fails to disclose the collateral that secures each listed claim.

19. In response to question 4 on Debtor's Statement of Financial Affairs, Debtor attached a list of transfers made by the Debtor in the year prior to filing to entities that Mr. Miles owns or controls.

20. The entities which received payments from Debtor are Eclipse Staffing, LLC; MEC Capital, Inc.; Medical Management Institute, Inc.; Mittere, Inc.; Northwinds Leasing, LLC; Physician Financial Partners, LLC; and Zeroholdings, LLC (chapter 11 debtor in case number 22-56502-jwc) (collectively, the "Miles Entities").

21. None of Miles Entities are listed as creditors in Schedule D or Schedule E/F.

22. At the Meeting of Creditors, Mr. Miles testified that none of the Miles Entities provided any goods or services to the Debtor, with the exception of Eclipse Staffing, LLC which processes payroll for Debtor's employees.

23. Excluding payments made to Eclipse Staffing, Mr. Miles caused Debtor to transfer $1,701,827.96 to the Miles Entities in the year prior to Debtor's bankruptcy filing.

24. Mr. Miles testified at the Meeting of Creditors that there are no loan documents for any of the transfers listed in response to Question 4 of the Statement of Financial Affairs detailing repayment terms.

25. Mr. Miles testified at the Meeting of Creditors that the transfers between Debtor and the Miles Entities are documented only on a general "due to/due from" ledger maintained by Mr. Miles.

II. **Appointment of a chapter 11 trustee**

26. The United States Trustee seeks the appointment of a chapter 11 trustee to replace Debtor's current management. Section 1104(a) provides in pertinent part as follows:

> At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States Trustee, and after notice and a hearing, the court shall order the appointment of a trustee–
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, . . . ;or
>
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

### a. Cause Exists for the Appointment of a Trustee

27. Section 1104(a)(1) compels the appointment of a trustee when the Court finds fraud, dishonesty, incompetence, gross mismanagement, or other cause. *In re V Savino Oil & Heating Co.*, 99 B.R. 518, 525-26 (Bankr. E.D.N.Y. 1989).

28. "The willingness of Congress to leave a debtor in possession is premised on the expectation that current management can be depended upon to carry out the fiduciary responsibilities of a trustee. And if the debtor in possession defaults in this respect, Section 1104(a)(1) commands that the stewardship of the reorganization effort must be turned over to an independent trustee." *In re Marvel*, 140 F.3d 463, 474 (3d Cir. 1998) (quoting *In re V Savino Oil & Heating Co.*, 99 B.R. at 526).

29. The list of wrongs constituting "cause" is non-exclusive; thus "[f]actors relevant to the appointment of a trustee under § 1104(a)(1) include: conflicts of interest, including inappropriate relations between corporate parents and the subsidiaries; misuse of assets and funds; inadequate record keeping and reporting; various instances of conduct found to establish fraud or dishonesty; and lack of credibility and creditor confidence." *In re Altman*, 230 B.R. 6, 16 (Bankr. D. Conn. 1999), *aff'd in part, vacated in part*, 254 B.R. 509 (D. Conn. 2000).

30.     Additional factors which courts consider in determining whether "cause" exists for the appointment of a trustee include, "(1) materiality of the misconduct; (2) evenhandedness or lack of same in dealings with insiders or affiliated entities vis-à-vis other creditors or customers; (3) the existence of prepetition voidable preferences or fraudulent transfers; (4) unwillingness or inability of management to pursue estate causes of action; (5) conflicts of interest on the part of management interfering with its ability to fulfill fiduciary duties to the debtor; (6) self-dealing by management or waste or squandering of corporate assets."  *In re YC Atlanta Hotel, LLC*, 630 B.R. 348, 366 (Bankr. N.D. Ga. 2021) (citing *In re Intercat, Inc.*, 247 B.R. 91, 921 (Bankr. S.D. Ga. 2000)).

31.     Courts have held that "gross mismanagement" must be more than "simple mismanagement." *In re Mako, Inc.*, 102 B.R. 809, 812 (Bankr. E.D. Okla. 1988).

32.     "Gross mismanagement suggests some extreme ineptitude on the part of management to the detriment of the organization." *Id.*

33.     Mr. Miles cannot provide a sound business justification for causing Debtor to transfer $1,701,827.96 in the year prior to filing to entities that he controls – including $118,000.00 to Zeroholding, LLC; $606,877.96 to Northwinds Leasing, LLC; $842,050.00 to Mittere, Inc.; and $111,100.00 to MEC Capital, Inc. – under circumstances and on terms which would not be available in an arms-length transaction between unrelated parties.

34.     Ms. Dadabhoy's delegation of her duties as manager to Mr. Miles and Mr. Miles' subsequent transfer of funds to other entities he owns and controls rises to the level of gross mismanagement and is cause for the appointment of a chapter 11 trustee.

### b. Appointment of a Trustee is in Best Interests of Creditors.

35. The appointment of a trustee under section 1104(a)(2) employs a flexible approach which allows the Court to appoint a trustee when it would serve the best interests of the estate, its equity security holders and its creditors, even if there is no finding of fraud, dishonesty, incompetence, or gross mismanagement. *See In re Sharon Steel Corp.*, 871 F.2d 1217 (3d Cir. 1989). Courts examine whether the benefits of a trustee will outweigh the costs to the estate. *In re PDHC, LLC*, 2004 WL 5846712, at *3 (Bankr. N.D. Ga. April 28, 2004).

36. Under §1104(a)(2), courts look to the practical realities and necessities. *In re Euro-American Lodging Corp.*, 365 B.R. 421, 427 (Bankr. S.D.N.Y. 2007). Under section 1104(a)(2), the Court should examine such factors as: (a) the trustworthiness of the debtor; (b) the prospects for rehabilitation of the debtor under present management; (c) the creditors' confidence, or lack thereof, in the present management; (d) the benefits of appointing a trustee balanced against the cost of appointment, and (e) whether the trustee could accomplish the goals of a chapter 11 plan more efficiently and effectively than the debtor in possession. *In re Ionosphere Clubs*, 113 B.R. 164, 167-168 (Bankr. S.D.N.Y. 1990), *see also, Savino Oil* 99 B.R. at 525 (section 1104(a)(2) determination entails exercise of discretionary powers).

37. Here, creditors and the bankruptcy case will benefit from the appointment of a chapter 11 trustee because investigation and collection of the potential preferential transfers will be necessary to the formulation of a plan of reorganization that would provide payment of 100% of the scheduled claims in the case.

38. The Debtor's investigation of the potential preferences is not dependent on Mr. Miles remaining in control of Debtor's operations, and the investigation will likely be more robust under the direction of a disinterested third-party.

39. Upon information and belief, creditors do not have confidence in Mr. Miles' management of the Debtor or his ability to successfully reorganize this entity or supervise a sale of its assets.

WHEREFORE, the United States Trustee prays for (i) the entry of an order directing the appointment of a chapter 11 trustee; and (ii) such further relief as the court deems appropriate.

Dated: September 21, 2022

MARY IDA TOWNSON
UNITED STATES TRUSTEE
REGION 21

By: _____/s/_____
Lindsay P. S. Kolba
Georgia Bar No. 541621
United States Department of Justice
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303
(404) 331-4478
lindsay.p.kolba@usdoj.gov

# CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing *Motion for an Order Directing the Appointment of a Chapter 11 Trustee* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following party who has appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

| | |
|---|---|
| Taylor L. Dove | tdove@huntermaclean.com, aharris@huntermaclean.com, lpadgett@huntermaclean.com |
| David A. Garland | dgarland@mcdr-law.com, dgarland@mcdr-law.com, hjohnson@mcdr-law.com |
| Will B. Geer | wgeer@rlkglaw.com, willgeer@ecf.courtdrive.com, 2836@notices.nextchapterbk.com, swenger@rlkglaw.com, 6717577420@filings.docketbird.com |
| Brian P. Hall | bhall@sgrlaw.com, sgr.notifications@gmail.com |
| Todd E. Hennings | thennings@maceywilensky.com, cteh11@trustesolutions.net, hcrowder@maceywilensky.com |
| Michael F. Holbein | mholbein@sgrlaw.com |
| Michael Levengood | mlevengood@levengoodlaw.com, MichaelJR68751@notify.bestcase.com |
| Francesca Macchiaverna | fmacchiaverna@huntermaclean.com, aharris@huntermaclean.com, lpadgett@huntermaclean.com |
| Leslie M. Pineyro | lpineyro@joneswalden.com, jwdistribution@joneswalden.com, ljones@joneswalden.com, cmccord@joneswalden.com, arich@joneswalden.com, ewooden@joneswalden.com |
| Caitlyn Powers | cpowers@rlkglaw.com, swenger@rlkglaw.com, yalamin@rlkglaw.com, csmith@rlkglaw.com, 6717577420@filings.docketbird.com |
| William A. Rountree | wrountree@rlkglaw.com, swenger@rlkglaw.com, yalamin@rlkglaw.com, 6717577420@filings.docketbird.com, R71213@notify.bestcase.com, csmith@rlkglaw.com, 2836@notices.nextchapterbk.com |

| | |
|---|---|
| Aaron P.M. Tady | atady@colesbarton.com, mjohnston@colesbarton.com, epoole@colesbarton.com, tbarton@colesbarton.com, tbrandenburg@colesbarton.com |
| Fred B. Wachter | fbwachter@wachterlaw.com |

      I further certify that on this day, I caused a copy of this document to be served via United States First Class Mail, with adequate postage prepaid on the following parties at the address shown for each.

Curepoint, LLC
11175 Cicero Drive
Suite 100
Alpharetta, GA 30022

Thomas M. Barton
Coles Barton LLP
Suite 100
150 South Perry Street
Lawrenceville, GA 30046

                                                                                        /s/
                                           Lindsay P. S. Kolba
                                           Georgia Bar No. 541621
                                           United States Department of Justice
                                           Office of the United States Trustee
                                           362 Richard Russell Building
                                           75 Ted Turner Drive, SW
                                           Atlanta, Georgia 30303
                                           (404) 331-4478
                                           lindsay.p.kolba@usdoj.gov