# FINANCIAL INDUSTRY REGULATORY AUTHORITY
## LETTER OF ACCEPTANCE, WAIVER AND CONSENT
### NO. 20090167424

TO: Department of Enforcement
Financial Industry Regulatory Authority ("FINRA")

RE: Phillip E. Miles, Respondent
Former General Securities Representative
CRD No. 4304543

Pursuant to FINRA Rule 9216 of FINRA's Code of Procedure, I, Phillip Miles ("Mr. Miles"), submit this Letter of Acceptance, Waiver and Consent ("AWC") for the purpose of proposing a settlement of the alleged rule violations described below. This AWC is submitted on the condition that, if accepted, FINRA will not bring any future actions against me alleging violations based on the same factual findings described herein.

## I.

## ACCEPTANCE AND CONSENT

A. I hereby accept and consent, without admitting or denying the findings, and solely for the purposes of this proceeding and any other proceeding brought by or on behalf of FINRA, or to which FINRA is a party, prior to a hearing and without an adjudication of any issue of law or fact, to the entry of the following findings by FINRA:

### BACKGROUND

Respondent Miles entered the securities industry in October 2000, when he joined DB Alex Brown. Mr. Miles was registered with FINRA member Citigroup Global Markets Inc. ("Citigroup" or the "Firm") from March 5, 2004 to December 24, 2008, when he was discharged for refusing to answer questions from the Firm about certain customer transactions. Mr. Miles holds Series 3, 7 and 66 licenses. Mr. Miles is not currently employed in the securities industry.

Although Mr. Miles is not currently associated with a FINRA member, he remains subject to FINRA's jurisdiction pursuant to Article V, Section 4 of the FINRA By-Laws.

### RELEVANT DISCIPLINARY HISTORY

Mr. Miles has no disciplinary history.

0000083182 2010

## FACTS AND ALLEGED VIOLATIVE CONDUCT

On January 27, 2009, FINRA opened an investigation based on allegations by the Firm that a review of Mr. Miles' accounts by the Firm revealed unauthorized trading and false account values, which were subsequently reported by the Firm on an amended Uniform Application for Securities Registration or Transfer (Form U-5).

In connection with that investigation, on four occasions FINRA requested, pursuant to FINRA Rule 8210, that Mr. Miles provide a written statement concerning these allegations. Mr. Miles did not provide the requested information. First, on February 2, 2009, FINRA's Department of Member Regulation sent Mr. Miles a request for a written statement pursuant to FINRA Rule 8210, with a due date of February 16, 2009. Mr. Miles did not provide the requested written statement. Second, on February 19, 2009, the Department of Enforcement ("Enforcement") sent Mr. Miles' attorney a request for Mr. Miles' written statement pursuant to FINRA Rule 8210, with a due date of March 5, 2009. Mr. Miles failed to provide the requested written statement. Third, on March 30, 2009, Enforcement sent Mr. Miles' attorney a request for Miles' written statement pursuant to FINRA Rule 8210, with a due date of April 8, 2009. Mr. Miles did not provide Enforcement with a written statement in response to this request. Fourth, on March 5, 2010, Enforcement again sent Mr. Miles' attorney a request for Mr. Miles' statement pursuant to FINRA Rule 8210, with a due date of March 19, 2010. Mr. Miles has not provided the requested written statement.

By failing to comply with FINRA's request for a written statement, Mr. Miles violated FINRA Rules 8210 and 2010.

B.   I also consent to the imposition of the following sanctions:

> A permanent bar from association with any FINRA member firm in any capacity.
>
> I understand that if I am barred or suspended from associating with any FINRA member, I become subject to a statutory disqualification as that term is defined in Section 3(a)(39) of the Securities Exchange Act of 1934, as amended. Accordingly, I may not be associated with any FINRA member in any capacity, including clerical or ministerial functions, during the period of the bar or suspension. (See FINRA Rules 8310 and 8311.)
>
> The sanctions imposed herein shall be effective on a date set by FINRA staff. Pursuant to FINRA Rule 8313(e), a bar or expulsion shall become effective upon approval or acceptance of this AWC.

## II.

## WAIVER OF PROCEDURAL RIGHTS

I specifically and voluntarily waive the following rights granted under FINRA's Code of Procedure:

- A. To have a Complaint issued specifying the allegations against me;

- B. To be notified of the Complaint and have the opportunity to answer the allegations in writing;

- C. To defend against the allegations in a disciplinary hearing before a hearing panel, to have a written record of the hearing made and to have a written decision issued; and

- D. To appeal any such decision to the National Adjudicatory Council ("NAC") and then to the U.S. Securities and Exchange Commission and a U.S. Court of Appeals.

Further, I specifically and voluntarily waive any right to claim bias or prejudgment of the General Counsel, the NAC, or any member of the NAC, in connection with such person's or body's participation in discussions regarding the terms and conditions of this AWC, or other consideration of this AWC, including acceptance or rejection of this AWC.

I further specifically and voluntarily waive any right to claim that a person violated the ex parte prohibitions of FINRA Rule 9143 or the separation of functions prohibitions of FINRA Rule 9144, in connection with such person's or body's participation in discussions regarding the terms and conditions of this AWC, or other consideration of this AWC, including its acceptance or rejection.

## III.

## OTHER MATTERS

I understand that:

- A. Submission of this AWC is voluntary and will not resolve this matter unless and until it has been reviewed and accepted by the NAC, a Review Subcommittee of the NAC, or the Office of Disciplinary Affairs ("ODA"), pursuant to FINRA Rule 9216;

- B. If this AWC is not accepted, its submission will not be used as evidence to prove any of the allegations against me; and

- C. If accepted:

    1. this AWC will become part of my permanent disciplinary record and may be considered in any future actions brought by FINRA or any other regulator against me;

Page 3 of 5

2. this AWC will be made available through FINRA's public disclosure program in response to public inquiries about my disciplinary record;

3. FINRA may make a public announcement concerning this agreement and the subject matter thereof in accordance with FINRA Rule 8313; and

4. I may not take any action or make or permit to be made any public statement, including in regulatory filings or otherwise, denying, directly or indirectly, any finding in this AWC or create the impression that the AWC is without factual basis. I may not take any position in any proceeding brought by or on behalf of FINRA, or to which FINRA is a party, that is inconsistent with any part of this AWC. Nothing in this provision affects my right to take legal or factual positions in litigation or other legal proceedings in which FINRA is not a party.

I certify that I have read and understand all of the provisions of this AWC and have been given a full opportunity to ask questions about it; that I have agreed to its provisions voluntarily; and that no offer, threat, inducement, or promise of any kind, other than the terms set forth herein and the prospect of avoiding the issuance of a Complaint, has been made to induce me to submit it.

_K 30- 2010_
Date

_[signature]_
Phillip E. Miles

Reviewed by:

_[signature]_
Gerald B. Kline, Esq.
Counsel for Respondent
Sims Moss Kline & Davis LLP
Three Ravinia Drive, Suite 1700
Atlanta, Georgia 30346
(770) 481-7203

Accepted by FINRA:

6/28/10
Date

Signed on behalf of the
Director of ODA, by delegated authority

Linda S. Riefberg
Chief Counsel
FINRA Department of Enforcement
14 Wall Street, 14th Floor
New York, New York 10005
Tel: 646-315-7395
Fax: 646-315-7441