# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re:<br><br>CUREPOINT, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-56501- JWC |

**DECLARATION OF DAVID A. WENDER
IN SUPPORT OF THE CHAPTER 11 TRUSTEE'S APPLICATION
TO RETAIN EVERSHEDS SUTHERLAND (US) LLP AS COUNSEL**

I, David A. Wender, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am a partner of Eversheds Sutherland (US) LLP ("Eversheds Sutherland" or, alternatively, the "Firm"), a law firm with offices in, among other locations, 999 Peachtree Street, NE, Suite 2300, Atlanta, Georgia 30309-3996. I am a resident in the Firm's Atlanta office. I am duly authorized to make this Declaration on behalf of Eversheds Sutherland.

2. I submit this Declaration in support of the Chapter 11 Trustee's Application to Retain Eversheds Sutherland (US) LLP as Counsel (the "Application") in the above-captioned Chapter 11 case (the "Case"), made pursuant to 11 U.S.C. § 327, Fed. R. Bankr. P. 2014, and the Court's Order Approving Appointment of Chapter 11 Trustee, entered October 19, 2022 [Doc. No. 108] (the "Order"). Except as otherwise indicated, the facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

**Background**

3. On August 19, 2022, the Debtor[1] filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code.

4. On October 13, 2022, the Court entered an Order [Doc. No. 96] granting Mark W. McCord, M.D.'s Motion to Appoint Chapter 11 Trustee [Doc. No. 52] and AMOA Finance, LLC's Motion to Appoint Chapter 11 Trustee [Doc. No. 54] and directing the United States Trustee to appoint a chapter 11 trustee in the Case.

5. On October 17, 2022, the United States Trustee filed the Notice of Appointment of Chapter 11 Trustee and Setting of Bond [Doc. No. 104], which, among other things, appointed the Trustee as chapter 11 trustee for the Debtor's estate. On October 18, 2022, the Trustee filed his Acceptance of Appointment as Chapter 11 Trustee. [Doc. No. 106]. The Court approved the appointment of the Trustee on October 19, 2022. [Doc. No. 108].

6. As set forth in the Application, the Trustee seeks to retain Eversheds Sutherland and its attorneys as his counsel in this Case.

**Retention of Eversheds Sutherland**

7. Eversheds Sutherland is a full-service law firm with over 400 lawyers in eight offices domestically and international affiliates with over 3,000 lawyers in 70 offices in more than 30 countries.

8. Eversheds Sutherland has sophisticated bankruptcy practitioners capable of assisting the Trustee. These lawyers have significant experience representing and advising the spectrum of constituents in chapter 11 proceedings, including trustees, debtors,

---

[1] Terms not otherwise defined herein shall have the meaning ascribed in the Application.

2

committees, secured and unsecured creditors, independent and disinterested directors, shareholders, and others. Through Eversheds Sutherland, the Trustee will have the benefit of the knowledge and experience of these attorneys in the performance of his duties as trustee in the Case.

**Services to be Provided**

9. In connection with this Case and subject to orders of this Court, the Trustee has asked Eversheds Sutherland to provide the following services to the Trustee, among others:

 a. Preparation of pleadings and applications;

 b. Conduct interviews or examinations;

 c. Advising the Trustee of his rights, duties and obligations as trustee;

 d. Consulting with the Trustee and representing the Trustee with respect to confirmation of a Chapter 11 plan and/or the liquidation of the Debtor's assets;

 e. Pursuit of litigation, when and if necessary;

 f. Claims analysis and objections to claims as needed;

 g. Performing legal services incidental and necessary to the above, including, but not limited to, institution and prosecution of necessary legal proceedings, and general business and corporate legal advice and assistance; and

 h. Taking any and all other action incidental to the proper preservation and administration of Debtor's estate.

**Eversheds Sutherland's Disinterestedness and Disclosure of Connections**

10. I respectfully represent that Eversheds Sutherland, its attorneys, and those of its international affiliates do not have any connections with the Debtor, its creditors, any other parties in interest (other than the Trustee), their respective attorneys and accountants, the

3

United States Trustee, or any person employed in the office of the United States Trustee, except as follows:

| Party in Interest | Relationship with Eversheds Sutherland[2] | Relationship to Debtor |
|---|---|---|
| U.S. Bank, N.A. | U.S. Bank and certain of its affiliates are current clients of Eversheds Sutherland in matters wholly unrelated to the Debtor.<br><br>Eversheds Sutherland is adverse to U.S. Bank on behalf of clients in matters wholly unrelated to the Debtor. | U.S. Bank appears to be a secured creditor with a lien on certain copiers. |
| U.S. Small Business Administration | Eversheds Sutherland is adverse to the U.S. Small Business Administration on behalf of clients in matters wholly unrelated the Debtor. | Scheduled as a secured creditor. |
| Dr. Mark McCord | In the past, Eversheds Sutherland represented Dr. McCord in connection with the formation of a joint venture for the development of a medical office park in Forsyth County. Based on my review of Eversheds Sutherland's business records, I have confirmed that Eversheds Sutherland attorneys last time worked on the matter was on August 18, 2017. I can further confirm that no attorney who participated in the now-closed matter will act as counsel to the Trustee and that I will work | Scheduled on Form 204 as one of the 20 largest unsecured claim holders. |

---

[2] A "current client" is an entity for which there are, as of the Petition Date, active matters on which Eversheds Sutherland is engaged.

4

| | | |
|---|---|---|
| | with the Firm to develop and implement an ethical screen. | |
| Wallace Family Enterprise, LLC | Eversheds Sutherland currently represents several loan servicers and one landlord in matters adverse to an owner of Domino's Pizza that are wholly unrelated to the Debtor. I am informed that Wallace Family Enterprises (the entity that is the ultimate owner of the applicable Domino's) is located in Roanoke, Virginia. Though I understand that the Debtor listed Wallace Family Enterprise, LLC as a codebtor and unsecured creditor, I am unaware of any correlation.[3] | Scheduled as a codebtor and unsecured creditor. |
| Georgia Department of Revenue | Eversheds Sutherland is adverse to the Georgia Department of Revenue on behalf of clients in matters wholly unrelated the Debtor. | Scheduled on Form 204 as one of the 20 largest unsecured claim holders. |

11.  To the best of my knowledge, the Firm does not have or represent any interest adverse to the Debtor or its estate. The Firm is disinterested, as that term is defined in 11 U.S.C. § 101(14).

12.  To the best of my knowledge, the Firm has no attorneys who are related to any Judge of the United States Bankruptcy Court for the Northern District of Georgia.

---

[3] Although it does not appear that the Wallace Family Enterprise, LLC entity listed as a codebtor in the Debtor's schedule is affiliated with the ultimate parent of Domino's Pizza, I disclose this potential connection out of an abundance of caution.

5

13. The Firm is not and was not a creditor, an equity security holder or an insider of the Debtor.

14. The Firm is not and was not within two years before the petition date, a director, officer, or employee of the Debtor or of an investment banker of the Debtor.

15. Other attorneys of the Firm and I are duly admitted to practice law in the United States District Court for the Northern District of Georgia, among other United States Courts.

16. To ensure that it remain disinterested throughout the term of this retention, Eversheds Sutherland agrees that it will not represent any entity other than the Trustee in any matter in this Case.

**Professional Compensation**

17. Eversheds Sutherland intends to apply to the Court for allowances of compensation and reimbursement of expenses for professional services rendered in connection with this Case in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the "United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330" (the "United States Trustee Fee Guidelines"), and all orders of this Court governing professional services performed and expenses incurred. To that end, Eversheds Sutherland has agreed to submit applications for interim and/or final allowances of compensation pursuant to sections 330 and 331 of the Bankruptcy Code and the rules and orders of this Court. All of Eversheds Sutherland's fees and expenses will be subject to Court approval.

18.     Eversheds Sutherland's standard hourly rates, which are based upon the professionals' level of experience, range from $735 to $1,650 for partners, $445 to $1,195 for associates and counsel, and $265 to $465 for paralegals and professional staff.[4] Eversheds Sutherland has agreed to discount the rates of its attorneys and professionals as follows: a fifteen percent (15%) discount shall apply to the hourly rate of David A. Wender; and a ten percent (10%) discount shall apply to the hourly rates of all other attorneys and professionals.

19.     The Trustee respectfully submits that Eversheds Sutherland's rates are reasonable and comparable to the rates other firms charge for similar services. Moreover, Eversheds Sutherland will use every effort to staff the engagement in a cost-effective manner and will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of the services rendered.

20.     Eversheds Sutherland will request, subject to the Court's approval, reimbursement for all actual out-of-pocket expenses incurred by Eversheds Sutherland on the Trustee's behalf, such as photocopying services, printing, delivery charges, filing fees, postage, travel expenses, computer research time and other disbursements. All requests for reimbursement of expenses will be consistent with the United States Trustee Fee Guidelines and the requirements established by this Court.

21.     As required by Section 504 of the Bankruptcy Code, Eversheds Sutherland has not agreed to share any compensation or reimbursement received in connection with

---

[4] The standard hourly rates are subject to periodic adjustment to reflect economic and other conditions and are consistent with the rates charged elsewhere. Pursuant to its ordinary practices, Eversheds Sutherland generally revises its rates on January 1 of each year. The rates listed in this Application are Eversheds Sutherland's rates effective for 2022.

7

this Case with another person except pursuant to the partnership agreement of Eversheds Sutherland.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 26th day of October, 2022, at Atlanta, Georgia.

                                                                                           */s/ David A. Wender*
                                                                                           David A. Wender