**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re:<br><br>CUREPOINT, LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 22-56501- PMB |

**MOTION FOR EXPEDITED HEARING**

David A. Wender, solely in his capacity as the chapter 11 trustee (the "Trustee") for the above-captioned debtor (the "Debtor") in the above-styled case (the "Case"), by his attorneys, Eversheds Sutherland (US) LLP ("Eversheds Sutherland"), hereby files this motion (the "Motion") requesting that the Court enter an order shortening applicable notice periods and scheduling for an expedited hearing the Trustee's Motion to Amend Third Interim Cash Collateral Order (defined below). In support of this Motion, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case is proper pursuant to 28 U.S.C. § 1408.

2. The statutory basis for the requested relief is Rules 2002(a)(2) and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 9006-2 of the Local Rules of Practice for the United States Bankruptcy Court for the Northern District of Georgia (the "BLR").

## BACKGROUND

3. On August 19, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Shortly thereafter, on August 22, 2022, the Debtor filed its *Emergency Motion to Approve Use of Cash Collateral* [Doc. No. 2] (the "Cash Collateral Motion").

4. On August 30, 2022, the Court entered the *Interim Order Authorizing Debtor to Use Cash Collateral and Granting Adequate Protection* [Doc. No. 24] (the "First Interim Order") approving, among other things, the Debtor's budget and the use of the Debtor's cash collateral with respect thereto. On September 19, 2022, the Court entered the *Second Interim Order Authorizing Debtor to Use Cash Collateral and Granting Adequate Protection* [Doc. No. 49] (the "Second Interim Order").

5. On October 17, 2022, the Court entered the *Third Interim Order Authorizing Debtor to Use Cash Collateral and Granting Adequate Protection* [Doc. No. 99] (the "Third Interim Order"). A final hearing on the Cash Collateral Motion is currently scheduled to occur on January 12, 2023. [*See* Doc. No. 144].

6. On September 21, 2022, Mark W. McCord, M.D. and the United States Trustee filed motions to appoint a chapter 11 trustee in the Case. [Doc. Nos. 52, 54]. Shortly thereafter, on October 3, 2022, AMOA Finance, LLC filed its motion to appoint a chapter 11 trustee in the Case. [Doc. No. 68]. On October 13, 2022, the Court entered an order granting Mark W. McCord, M.D.'s and AMOA Finance, LLC's motions and directing the United States Trustee to appoint a chapter 11 trustee in the Case. [Doc. No. 96].

7. On October 17, 2022, the United States Trustee filed the *Notice of Appointment of*

*Chapter 11 Trustee and Setting of Bond*, which, among other things, appointed the Trustee as chapter 11 trustee for the Debtor's estate. [Doc. No. 104]. On October 18, 2022, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee*. [Doc. No. 106]. The Court approved the appointment of the Trustee on October 19, 2022. [Doc. No. 108].

8. On November 21, 2022, the Trustee filed the *Chapter 11 Trustee's Motion to Amend Third Interim Order Authorizing the Use of Cash Collateral and Granting Adequate Protection* [Doc. No. 155] (the "Motion to Amend Third Interim Cash Collateral Order"), requesting, among other things, the authority to use cash collateral in accordance with the Trustee's proposed amended budget.

## REQUEST FOR RELIEF AND BASIS THEREOF

9. The Trustee requests that the Court enter an order shortening the applicable notice periods and scheduling a hearing on an expedited basis to consider the Trustee's Motion to Amend Third Interim Cash Collateral Order.

10. Bankruptcy Rules 2002 and 9006 grant the Court the discretion, upon a showing of cause, to shorten applicable notice periods concerning requests for relief under sections 363 and 365 of the Bankruptcy Code. *See* Fed. R. Bankr. P. 2002(a)(2), 9006(c). Bankruptcy Rule 9006(c) further provides the Court with the authority to grant such relief "with or without notice." Fed. R. Bankr. P. 9006(c)(1). Moreover, section 105(a) permits the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) essentially codifies the bankruptcy court's inherent equitable powers. *In re Rodriguez Camacho*, 361 B.R. 294, 300 (1st Cir. B.A.P. 2007).

11. For the reasons set forth in the Trustee's Motion to Amend Third Interim Cash

3

Collateral Order, requiring the Trustee to comply with generally applicable notice requirements would immediately and irreparably hinder the Trustee's ability to operate the Debtor, facilitate a sale process, pay the estate's professionals, and cover the Debtor's operational and ordinary course expenses.

WHEREFORE, the Trustee respectfully asks that this Court enter an order: (a) shortening any applicable notice period with respect to the Trustee's Motion to Amend Third Interim Cash Collateral Order; (b) scheduling an expedited hearing on the Trustee's Motion to Amend Third Interim Cash Collateral Order to occur no later than December 1, 2022, or at such other time as the Court permits, and allowing any objections to be orally presented at such time; and (c) granting such other and further relief as may be just and proper.

Dated:  November 21, 2022                              Respectfully submitted,

/s/ David A. Wender
David A. Wender (Ga. Bar No. 748117)
Nathaniel T. DeLoatch (Ga. Bar No. 216330)
Eversheds Sutherland (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
Telephone: 404.853.8175
Facsimile: 404.853.8806
Davidwender@eversheds-sutherland.com
Nathanieldeloatch@eversheds-sutherland.com

- and –

Erin Broderick (Admitted Pro Hac Vice)
227 W Monroe St., Suite 6000
Chicago, IL 60606
Telephone: 312.585.8793
Facsimile: 312.724.9322
Erinbroderick@eversheds-sutherland.com

*Counsel for the Chapter 11 Trustee*

## CERTIFICATE OF SERVICE

I certify that on November 21, 2022, I electronically filed the foregoing using the CM/ECF system which automatically will send email notification of such filing to all parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program.

Dated:  November 21, 2022

Respectfully submitted,

/s/ _David A. Wender_____
David A. Wender (Ga. Bar No. 748117)
Eversheds Sutherland (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
Telephone: 404.853.8175
Facsimile:  404.853.8806
davidwender@eversheds-sutherland.com

*Counsel for the Chapter 11 Trustee*