UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 22-56501 |
| | ) | |
| CUREPOINT, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**AMOA FINANCE, LLC'S OBJECTION TO THE
SECOND INTERIM APPLICATION FOR COMPENSATION
FILED BY EVERSHEDS SUTHERLAND (US) LLP**

AMOA Finance, LLC ("AMOA Finance"), a creditor of Curepoint, LLC, objects to the *Second Interim Application of Eversheds Sutherland (US) LLP as Counsel for the Chapter 11 Trustee for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from November 1, 2022 Through and Including February 28, 2023* [Doc. No. 268] (the "Application").

1.  The Trustee's counsel in this modest chapter 11 case, international law firm Eversheds Sutherland ("Eversheds"), seeks interim compensation for three-months' work totaling a whopping $322,465.20. In support of the Application, Eversheds offers that "its requested hourly rates are equal to or less than the rates of lawyers of reasonably comparable skills, experience, and reputation in cases of similar complexity and size in this geographic region." *See* Application, ¶ 9.

1

Respectfully, this is far from accurate.

2. Notably, the bulk of the legal work (almost two-thirds) in the three-month application period was performed by Mr. Nathan DeLoatch, an entry- to mid-level associate billing at a rate of $603 per hour. To be clear, AMOA Finance in no way intends to slight Mr. DeLoatch, who undoubtedly has little, to no, say in his rate. All lawyers were young lawyers once, and it certainly makes sense to have a younger lawyer handle the day-to-day stuff of a smaller case but only if the rate is right. With all that he has admittedly accomplished[1], Mr. DeLoatch's services are simply not comparable to lawyers with three times as many years' experience who bill materially less than his discounted $603 per hour in matters of similar or greater complexity—here, a straightforward liquidation.

3. Although it would be a start, reducing Mr. DeLoatch's rate alone is still not enough to fix the Application. Even reduced by a third, the magnitude of the compensation sought for a three-month period causes no insignificant amount of concern for the future of this case (*e.g.*, the prospect of paying for a liquidating plan that simply repeats the prescriptions of the Bankruptcy Code is the stuff of unsecured-creditor nightmares). This alone suggests conversion to chapter 7 might

---

[1] According to the website maintained by the State Bar of Georgia, Mr. DeLoatch was admitted to practice in November 2017, served three years as a bankruptcy law clerk for Judge Drake, and has worked a little under three years in private practice.

be the more reasoned path here.[2]

4. What's most disconcerting is that, since the Trustee's appointment, the assets of the estate have been rapidly depleting on account of professional fees alone. Perhaps Eversheds will someday show that its services are worth every penny it seeks, but that day seems far off. In this instance, where it comes to approving the payment of interim compensation, the Trustee should be held to the colloquial "law of holes," to wit: when you find yourself in a hole stop digging. At the very least, Eversheds should not receive any compensation until the Trustee has filled the hole he has dug since his appointment.

5. AMOA Finance leaves any other potential issues present in the Application (*e.g.*, the amount of time spent, duplication of efforts, inappropriate billing for "trustee time," *et cetera*) to the Office of the United States Trustee, which is better situated to make those objections. Hopefully, it will rise to meet its obligations in this case.

WHEREFORE, AMOA Finance respectfully requests that the Court deny the Application.

---

[2] Let it be perfectly clear that AMOA Finance, which finds itself a defendant in an adversary proceeding, is not trying to outmaneuver the Trustee with this objection. Conversion to a Chapter 7 would leave that adversary proceeding unaffected.

Dated: June 6, 2023

Respectfully submitted,

SMITH, GAMBRELL & RUSSELL, LLP

*/s/ Michael F. Holbein*
Michael F. Holbein
Georgia Bar No. 360070
1105 W. Peachtree St., N.E.
Suite 1000
Atlanta, Georgia 30309
Phone: (404) 815-3607
Email: mholbein@sgrlaw.com

*Attorneys for AMOA Finance, LLC*

SGR/42849326.2

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day *AMOA Finance, LLC's Objection to the Second Interim Application for Compensation Filed by Eversheds Sutherland (US) LLP* was filed with the Clerk of Court and served on all parties of record via the Court's CM/ECF electronic filing system.

Dated: June 6, 2023                    SMITH, GAMBRELL & RUSSELL, LLP

*/s/Michael F. Holbein*
Michael F. Holbein
Georgia Bar No. 360070
1105 W. Peachtree St., N.E.
Suite 1000
Atlanta, Georgia 30309
Phone: (404) 815-3607
Email: mholbein@sgrlaw.com

*Attorneys for AMOA Finance, LLC*

SGR/42849326.2