IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re:<br><br>Curepoint, LLC,<br><br>      Debtor. | Chapter 11<br><br>Case No. 22-56501-PMB |

**CONSENT MOTION TO APPROVE COMPROMISE AND
SETTLEMENT OF CLAIMS OF CITY CAPITAL NY (CLAIM
NO. 27 AND 28) PURSUANT TO RULE 9019 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE**

COMES NOW, David A. Wender, solely in his capacity as the chapter 11 trustee (the "Trustee") for the above-captioned debtor (the "Debtor") in the above-styled case (the "Case"), by and through counsel, and files this consent motion (the "Consent Motion") requesting entry of an order approving a compromise and settlement of City Capital NY's ("City Capital", together with the Trustee, the "Parties") claims against the Debtor, and respectfully represents to the Court the following:

**Jurisdiction, Venue and Statutory Predicates**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is core within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are sections 105, 502, and 506 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and BLR 9019-1.

**Background**

3. On August 19, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Court approved the appointment of the Trustee on October 19, 2022. [Doc. No. 108].

5. On January 26, 2023, City Capital filed Claim No. 27-1 asserting a secured claim against the Debtor in the total amount of $312,820.00, arising out of that certain *Revenue Purchase Agreement*, dated June 16, 2022, by which City Capital allegedly purchased certain of the Debtor's future receivables.  (Claim No. 27-1).

6. On January 26, 2023, City Capital filed Claim No. 28-1 asserting a secured claim against the Debtor in the total amount of $580,520.00, arising out of that certain *Revenue Purchase Agreement*, dated June 28, 2022, by which City Capital allegedly purchased certain of the Debtor's future receivables.  (Claim No. 28-1, together with Claim No. 27-1, the "Claims").

7. On December 15, 2022, the Court, after notice and hearing, entered the order approving the sale of substantially all of the Debtor's assets to CancerCare, LLC pursuant to section 363(f) of the Bankruptcy Code (the "Sale").  [Doc. No. 200].

### Relief Requested

8. By this Motion, the Trustee seeks entry of an order approving the compromise and settlement of the Claims.

9. After negotiations and in the interest of avoiding the uncertainties associated with litigation and its attendant costs, including collection risks, the Parties have agreed to a compromise and settlement of the Claims on the following terms (the "Settlement"):

> (i) Claim No. 27-1 shall be an allowed general unsecured claim in the total amount $156,410.00;
>
> (ii) Claim No. 28-1 shall be an allowed general unsecured claim in the amount of $290,260.00; and
>
> (iii) the Parties each shall release, acquit, and forever discharge each other, their affiliates and their respective partners, principals, employees, successors, assigns and agents from any and all claims, counterclaims, rights, demands, obligations, costs, damages, losses, liabilities, attorneys' fees, actions, lawsuits, and causes of action, of whatever kind or nature, known or unknown, fixed or contingent, which either has, had or may hereafter claim to have in law or in

equity, arising from or related to the Claims. Notwithstanding the foregoing, City Capital retains all of its rights relative to the guaranties executed in conjunction with or related to the Claims and any counterparty with respect thereto.

## Grounds for Relief

10. The Trustee requests that the Court approve the settlement as outlined herein. The settlement of the Claims described herein is the result of good faith, arm's length negotiations between the Parties.

11. The settlement of the Claims on these terms meet all applicable legal standards and is well within the range of reasonableness.

12. The approval of a compromise and settlement in a bankruptcy case is within the sound discretion of the court and will not be disturbed or modified on appeal unless approval or disapproval of the settlement is an abuse of discretion. *Rivercity v. Herpel (In re Jackson Brewing Co.),* 624 F.2d 599, 602-03 (5th Cir. 1980). In order to exercise its discretion properly, the Court must consider whether the compromise suggested "'falls below the lowest point in the range of reasonableness.'" *Anaconda-Ericsson. Inc. v. Hessen (In re Teltronics Servs. Inc.),* 762 F.2d 185, 189 (2d Cir. 1985) (internal citation omitted).

13. The Eleventh Circuit has held that the Court must consider and evaluate the following factors:

 (a)   the probability of success in the litigation,

 (b)   the difficulties, if any, to be encountered in the matter of collection,

 (c)   the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it, and

 (d)   the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II Ltd. (In re Justice Oaks II. Ltd.),* 898 F.2d 1544, 1549 (11th Cir. 1990). In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *Teltronics, supra,* 762 F.2d at 189. Rather, the court should consider the probable outcome of the litigation, including its

advantages and disadvantages, and make a pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal,* 284 F.2d 567, 571 (5th Cir. 1960).

17. Bankruptcy Rule 9019 provides that after conducting a hearing on notice to creditors, the Bankruptcy Court may approve a compromise or settlement. To assure that compromise is proper in a given case, the Bankruptcy Court must apprise itself of the necessary facts for an intelligent, objective and educated evaluation and compare the "terms of the compromise with the likely rewards of litigation." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry. Inc. v. Anderson,* 390 U.S. 414, 424-25 (1968).

18. The Settlement proposed herein clearly meets the standard for approval under Bankruptcy Rule 9019 and is in the best interests of the bankruptcy estate and the Debtor's creditors. This Settlement was reached after thorough analysis of the merits of the Claims. Importantly, this proposed Settlement will result in material recoveries for the estate.

19. The Settlement is, therefore, in the best interests of the Debtor's estate because it enables the estate to recover money for the benefit of creditors holding allowed claims, reduce the amount of outstanding claims in the Case and avoid lengthy and costly litigation, the ultimate result of which is uncertain to the estate.

### Notice

20. Notice of this Motion will be given to: (a) the Parties; (b) the United States Trustee; and (c) all parties requesting notices in the Case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Trustee submits that no further notice need be given.

21. No prior application for the relief requested herein has been made to this Court or any other court.

### Conclusion

WHEREFORE, the Trustee respectfully requests that this Court approve the proposed Settlement detailed herein and grant such other and further relief as this Court may deem just and

proper.

Dated: August 28, 2023

| | |
|---|---|
| Respectfully submitted,<br>/s/ *David A. Wender*<br>David A. Wender (Ga. Bar No. 748117)<br>Nathaniel T. DeLoatch (Ga. Bar No. 216330)<br>Eversheds Sutherland (US) LLP<br>999 Peachtree Street, NE, Suite 2300<br>Atlanta, GA 30309-3996<br>Telephone: 404.853.8175<br>Facsimile: 404.853.8806<br>Davidwender@eversheds-sutherland.com<br>Nathanieldeloatch@eversheds-sutherland.com<br><br>*Counsel for the Chapter 11 Trustee* | Consented to by,<br>/s/*Alan Hochheier (w/ express permission)*<br>Alan Hochheier<br>Maurice Wutscher LLP<br>23611 Chagrin Blvd. Suite 207<br>Beachwood, OH 44122<br>Phone: 216-220-1129<br>ahochheiser@mauricewutscher.com<br><br>*Counsel for City Capital NY* |