# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re:<br><br>CUREPOINT, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-56501- PMB |
| David A. Wender, as the Liquidating Trustee of the Curepoint Liquidation Trust,<br><br>Objector,<br><br>v.<br><br>First Liberty Capital Partners, LLC,<br><br>Respondent. | Contested Matter |

## NOTICE OF OBJECTION OF THE LIQUIDATING TRUSTEE TO PROOF OF CLAIM NO. 21 FILED BY FIRST LIBERTY CAPITAL PARTNERS, LLC, DEADLINE TO OBJECT AND HEARING

**David A. Wender,** in his capacity as the Liquidating Trustee of the Curepoint Liquidation Trust, has filed the **OBJECTION OF THE LIQUIDATING TRUSTEE TO PROOF OF CLAIM NO. 21 FILED BY FIRST LIBERTY CAPITAL PARTNERS, LLC** (the "Objection") on June 24, 2024. Pursuant to Third Amended and Restated General Order No. 24-2018, the Court may consider this matter without further notice or a hearing if no party in interest files a response or objection within *thirty (30) days,* from the date of service of this notice. **If you object to the relief requested in this pleading, you must timely file your objection with the Bankruptcy Clerk** at Room 1340, 75 Ted Turner Drive, S.W., Atlanta, GA 30303, and serve a copy on the movant's attorney, Nathaniel T. DeLoatch, Eversheds Sutherland (US) LLP, 999 Peachtree St., NE, Suite 2300, Atlanta, GA 30309, and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the Bankruptcy Clerk within the required time.

A hearing on the Objection has been scheduled for **August 12, 2024**. The Court will hold a hearing on the Objection at **1:20 p.m.** on **August 12, 2024** in **Courtroom 1202, at the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303**, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for

1

further information about the hearing.  You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise.  Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

If an objection or response is timely filed and served, the hearing will proceed as scheduled.  **If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice and without holding the scheduled hearing** provided that an order approving the relief requested is entered at least one business day prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the scheduled hearing, the hearing will be held as scheduled.

**<u>Your rights may be affected</u>**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

Dated: June 24, 2024                                                  Respectfully submitted,

/s/ <i>Nathaniel T. DeLoatch</i>
Nathaniel T. DeLoatch (Ga. Bar No. 216330)
Eversheds Sutherland (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
Telephone: 404.853.8356
Nathanieldeloatch@eversheds-sutherland.com

51348943.1                                                                            4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re:<br><br>CUREPOINT, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-56501- PMB |
| David A. Wender, as the Liquidating Trustee of the Curepoint Liquidation Trust,<br><br>Objector,<br><br>v.<br><br>First Liberty Capital Partners, LLC<br><br>Respondent. | Contested Matter |

**OBJECTION OF THE LIQUIDATING TRUSTEE TO PROOF OF CLAIM NO. 21
FILED BY FIRST LIBERTY CAPITAL PARTNERS, LLC**

David A. Wender, in his capacity as the Liquidating Trustee of the Curepoint Liquidation Trust (the "**Trustee**"), by and through counsel, and hereby files this objection (the "**Objection**") to Proof of Claim No. 21 (the "**Claim**") filed by First Liberty Capital Partners, LLC ("**First Liberty**").  In support of the Objection, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for relief sought herein are section 502 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 3001 and 3007 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), and BLR 3007-1 (the "**Local Rules**").

## PERTINENT BACKGROUND

3. On August 19, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Court approved the appointment of David Wender as the Chapter 11 Trustee on October 19, 2022. (D.I. 108).

4. First Liberty is listed in the Debtor's Schedule D as having a disputed claim in a total amount of $2,500,000 incurred on November 22, 2019. (D.I. 82 at 16).

5. On October 28, 2022, First Liberty filed the Claim, asserting an unsecured claim in the total amount of $2,667,000. (*See* Claim). The Claim is purportedly based upon a *Promissory Note* (the "**2019 Note**") in the principal amount of $900,000 dated November 22, 2019 (the "**2019 Loan**") and a *Promissory Note* (the "**2021 Note**," together with the 2019 Note, the "**Notes**") in the principal amount of $1,500,000 dated May 20, 2021 (the "**2021 Loan**," together with the 2019 Loan, the "**Loans**"). (*Id.*). The Claim alleges that it includes: (i) $900,000 of principal and $198,000 of interest on account of the 2019 Loan and (ii) $1,500,000 of principal and $69,000 of interest on account of the 2021 Loan. (*Id.*). The maturity date for the 2019 Loan was May 31, 2021. (*Id.* at 11). The 2021 Loan was executed on May 20, 2021, approximately eleven (11) days prior to maturity of the 2019 Loan. (*Id.* at 5).

6. On August 29, 2023, the Trustee filed the *Chapter 11 Plan of Liquidation for Curepoint, LLC* (D.I. 312) (the "**Plan**"). On December 22, 2023, the Court confirmed the Plan by pursuant to its *Findings of Fact, Conclusions of Law, and Order Confirming the Chapter 11 Trustee's Plan of Liquidation for Curepoint, LLC* (D.I. 365) (the "**Confirmation Order**").

7. Pursuant to the Plan and Confirmation Order, the Trustee has the exclusive

2

authority to file objections to claims.  (Confirmation Order ¶ P).

## OBJECTION AND ARGUMENT IN SUPPORT

    A.    **First Liberty Fails to Provide Required and Necessary Documentation to Support the Claim.**

    8.    While the Claim attaches copies of the Notes, it should not be entitled to *prima facie* deference because First Liberty fails to provide documentation or information to establish the validity or enforceability of the amounts asserted in the Claim.  "A proof of claim executed and filed in accordance with the [Bankruptcy Rules] shall constitute *prima facie* evidence of the validity and amount of the claim."  Fed. R. Bankr. P. 3001(f).  Specifically, Bankruptcy Rule 3001 and Official Form 410 "govern the form, content, and required attachments for proofs of claim."  *In re Live Primary, LLC,* 626 B.R. 171, 188 (Bankr. S.D.N.Y. 2021).  Official Form 410 directs creditors to "[a]ttach redacted copies of **any documents that support the claim**, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements" and "explaining in an attachment" if any documents are unavailable.  Official Form 410 (emphasis added).  As there is no bright-line test as to the actual documentary evidence needed to establish and verify a proof of claim, courts must decide on a case-by-case basis whether the documentary evidence submitted is sufficient for a claim to benefit from *prima facie* validity.  *See In re Hopkins Fabrication, LLC*, 600 F. Supp. 215, 240 (D. Conn. 2022).

    9.    Here, while First Liberty attached the Notes, it fails to provide information that would permit the Trustee to evaluate or discern the validity of the amounts sought in the Claim.  Specifically, aside from the Notes and the bare line statement showing principal and interest allegedly outstanding, the Claim provides no other pertinent information, such as itemized

3

statements of principal or interest, payment schedules, information on how interest was calculated or when it was charged, or disclosure of whether there is default interest, late charges, fees, etc.

10. First Liberty should not be permitted to receive the benefit of its Claim being considered *prima facie* valid when the Trustee, tasked with evaluating the Claim, cannot determine with any certainty how First Liberty arrived at its ultimate conclusion on the amounts claimed to be owed. Thus, the Court should exercise its discretion and find that First Liberty has failed to meet its initial burden and failed to comply with Bankruptcy Rule 3001.

11. Moreover, the Claim should not be allowed because First Liberty failed to provide any additional information in response to the Trustee's attempts to evaluate the Claim prior to filing this Objection. In fact, on multiple occasions, counsel to the Trustee engaged with First Liberty's counsel and requested documentation supporting and clarifying the Claim. First Liberty could not (and, in at least one instance, declined to) provide many of the documents requested by the Trustee.

12. A creditor has an obligation to respond to formal or informal requests for information relative to a filed claim. *In re Hopkins Fabrication, LLC* 600 F. Supp. at 242. "This obligation to respond applies regardless of whether creditors have met their obligation to provide an account summary under Rule 3001(c)." *Id.* (internal quotation omitted). *See also In re Cluff*, 313 B.R. 323, 335-36 (Bankr. D. Utah 2004), aff'd sub nom. *Cluff v. eCast Settlement*, 2006 U.S. Dist. LEXIS 71904 (D. Utah Sept. 29, 2006) (finding that "using a summary also requires the creditor to make the underlying documents available for examination at a reasonable place and time, and such creditors should not underestimate the Court's willingness to compel them to do so," and interpreting Bankruptcy Rule 3001 consistent with Fed. R. Evid. 1006); *In re Shank*, 315

4

B.R. 799, 816 (Bankr. N.D. Ga. 2004) ("A debtor or other objecting party . . . is clearly entitled to receive documentation and other information about a creditor's claim if there is a question about it. The Court expects creditors who file proofs of claim . . . to respond promptly and fully to an appropriate request for information . . . .").

13.     Here, First Liberty has failed to satisfy its obligation and has consequently impeded the Trustee's ability to evaluate the Claim.  As a result, this Court should enter an order disallowing the Claim.

**B.     The Claim Should Also be Disallowed Because the Evidence Undermines the Legitimacy of the Claim.**

14.     The party objecting to a claim carries the burden of going forward with evidence to overcome the *prima facie* validity and amount of the claim.  *Foster v. Homeward Residential Inc. (In re Foster)*, 500 B.R. 197, 202 (Bankr. N.D. Ga. 2013).  "If the objecting party produces evidence to refute at least one of the allegations essential to the claim's legal sufficiency, the burden of persuasion shifts back to the claimant." *Id.*  Importantly, despite these shifting burdens, "the burden of ultimate persuasion rests with the claimant." *Id.*

15.     While it is the Trustee's position that First Liberty's Claim is not *prima facie* valid based on First Liberty's failure to provide necessary information, if the Court disagrees, the Claim should still be disallowed because the available evidence undermines the Claim.

16.     First, the Debtor's own bank records call into doubt the Claims calculation of amounts owing.  They show that, following execution of 2019 Loan and prior to execution of the 2021 Loan, the Debtor paid at least $481,125.00 to First Liberty.  Despite the Debtor paying $481,125.00 during the life of the 2019 Loan, the Claim does not appear to take all of these payments in account.  Indeed, the Claim seeks interest under the 2019 Loan in the amount of

5

$198,000, which is only $31,500 less than the approximate amount of total interest owed under the 2019 Loan.[1] This does not add up.

17.     Second, the 2019 Loan appears to have been refinanced by the 2021 Loan; making it improper for First Liberty to now try to collect on any amounts relative to the 2019 Loan. Specifically, the closing statement that First Liberty provided the Trustee for the 2021 Loan (the "**2021 Closing Statement**") (attached hereto as **Exhibit A**) shows, among other things, that (i) $600,000 of the 2021 Loan amount was designated for "Payoff of Current Participants" and (ii) $446,000 for "FLC Interest Payments." (2021 Closing Statement).  Moreover, because the 2021 Loan was entered into approximately eleven (11) days prior to the maturity date of the 2019 Loan and the 2021 Closing Statement acknowledges a "Payoff of Current Participants," it appears that the 2021 Loan included a payoff/refinancing of the 2019 Loan.  Despite the Trustee's request, First Liberty declined to provide the Trustee with documentation showing otherwise or identifying "Current Participants."  Therefore, First Liberty cannot now seek to recover on the 2019 Loan through the Claim and, at a minimum, all amounts sought in the Claim relative to the 2019 Loan should be disallowed.

18.     Third, the $446,000 in "FLC Interest Payments" shown on the 2021 Closing Statement is problematic as it does not match with any interest amounts required under either the 2019 Loan (as stated above, only requiring a total of $229,500 over the life of the 2019 Loan) or as a prepayment of interest under the 2021 Loan (which appears to require a total interest amount of $247,500).  When asked to justify these amounts, First Liberty declined to provide the Trustee

---

[1] The 2019 Loan calls for monthly interest payments of $13,500 for a period of 17 months, totaling approximately $229,500, prior to a balloon payment of outstanding principal.  (Claim at 11).

6

with documentation or clarification as to the "FLC Interest Payments."

19. Finally, the 2021 Closing Statement reflects an "MCA Loan Payoff" of $300,000. (2021 Closing Statement). This item causes additional concern for the Trustee given Mr. Miles' history of obligating the Debtor on merchant cash advance agreements where the financing provided thereby went to entities affiliated with Mr. Miles, not the Debtor.[2] The Trustee requested further information from First Liberty as to the nature of this MCA payoff (e.g., identification of MCA lender or the MCA agreement). Again, First Liberty did not provide any of the requested information.

20. Ultimately, given the questionable and unexplained disbursements related to the 2021 Loan, the Trustee has appropriate concerns regarding the Claim, including as to whether the Debtor received reasonably equivalent value with respect thereto. In light of the above evidence contradicting and undermining the filed Claim, the Trustee has satisfied his burden (to the extent applicable) and First Liberty now bears the burden of proving its Claim. As of now, First Liberty has failed to do so and the Claim should be disallowed.

## RESERVATION OF RIGHTS

21. This Objection is limited to the grounds stated herein. It is without prejudice to the Trustee's rights to object to the Claim on any other grounds or take any other action relative to the 2019 Loan or 2021 Loan.[3] The Trustee expressly reserves all further substantive or procedural objections and rights available to him.

---

[2] *See, e.g.,* D.I. 52, 54, 68, 104, and 108; Adv. Pro. 23-05162-pmb and 22-05172-pmb.
[3] Given Mr. Miles history of burdening the Debtor with debt for the benefit of his related entities (as evidenced in numerous motions and orders in this case), the Trustee continues to examine whether the Debtor received reasonably equivalent value on account of these loans and, consequently, is considering the appropriateness of a fraudulent transfer action.

7

WHEREFORE, the Trustee respectfully requests entry of an order (i) finding that the Claim does not satisfy Bankruptcy Rule 3001, (ii) disallowing the Claim for the reasons set forth herein, and (iii) granting any other relief the Court deems just and proper.

Dated:  June 24, 2024 　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ *David A. Wender*
　　　　　　　　　　　　　　　　　　　　　　David A. Wender (Ga. Bar No. 748117)
　　　　　　　　　　　　　　　　　　　　　　Nathaniel T. DeLoatch (Ga. Bar No. 216330)
　　　　　　　　　　　　　　　　　　　　　　Eversheds Sutherland (US) LLP
　　　　　　　　　　　　　　　　　　　　　　999 Peachtree Street, NE, Suite 2300
　　　　　　　　　　　　　　　　　　　　　　Atlanta, GA 30309-3996
　　　　　　　　　　　　　　　　　　　　　　Telephone: 404.853.8175
　　　　　　　　　　　　　　　　　　　　　　Facsimile: 404.853.8806
　　　　　　　　　　　　　　　　　　　　　　Davidwender@eversheds-sutherland.com
　　　　　　　　　　　　　　　　　　　　　　Nathanieldeloatch@eversheds-
　　　　　　　　　　　　　　　　　　　　　　　　sutherland.com

　　　　　　　　　　　　　　　　　　　　　　*Counsel for the Liquidating Trustee of the Curepoint Liquidation Trust*

**Exhibit A**

## LOAN CLOSING STATEMENT

**DATE OF TRANSACTION:** May 20, 2021

**BORROWER:** CUREPOINT, LLC, a Georgia limited liability company

**LENDER:** FIRST LIBERTY CAPITAL PARTNERS, LLC, a Georgia limited liability company

### SCHEDULE OF LOAN ADVANCES

| | |
|---|---:|
| TOTAL LOAN AMOUNT | $1,500,000.00 |

### DISBURSEMENTS PAID BY LOAN

| | |
|---|---:|
| Loan Fee to Lender | $75,000.00 |
| Interest for Month of May | $9,000.00 |
| Three Month Interest Reserve | $67,500.00 |
| Attorney Fees to Spencer Gandy LLC | $2,500.00 |
| MCA Loan Payoff | $300,000.00 |
| Payoff to Current Participants | $600,000.00 |
| FLC Interest Payments | $ 446,000.00 |
| **TOTAL LOAN** | **$1,500,000.00** |

"BORROWER"

CUREPOINT, LLC, a Georgia limited liability company

By: Physician Financial Partners, LLC, a Georgia limited liability company

By: _____(Seal)
     Jamila Dadabhoy, its Manager

"LENDER"

FIRST LIBERTY CAPITAL PARTNERS, LLC, a Georgia limited liability company

By: _____
     Brant Frost IV, its Manager