IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| In re:<br><br>Curepoint, LLC,<br><br>　　　　　　　Debtor. | Chapter 11<br><br>Case No. 22-56501-PMB |

MOTION OF THE TRUSTEE FOR (I) APPROVAL OF FINAL
DISTRIBUTION, (II) DISCHARGE OF THE TRUSTEE, AND
(III) ENTRY OF FINAL DECREE CLOSING THE DEBTOR'S CASE

David A. Wender, in his capacity as the Liquidating Trustee (the "**Trustee**") of the Curepoint Liquidation Trust (the "**Trust**") of the above-captioned debtor (the "**Debtor**") in the above-captioned case (the "**Case**"), submits this motion (the "**Motion**") in support of the proposed order, attached hereto as **Exhibit A**, (I) authorizing a final distribution, (II) discharging the Trustee, and (III) entering a final decree and closing the Case. In support of this Motion, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1.　　　The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). This Court has jurisdiction to, among other things, authorize a final distribution and enter a final decree closing this Case. (ECF No. 365 (the "**Confirmation Order**") ¶¶ 33, GG); (ECF No. 312 (the "**Liquidating Plan**") Art. X).[1] Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2.　　　The statutory predicates for the relief requested herein are Section 350 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**") and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule or Rules**").

---

[1] All terms not otherwise defined herein shall have the meaning ascribed in the Liquidating Plan or Confirmation Order, as applicable.

## **BACKGROUND**

3.     On August 19, 2022 (the "**Petition Date**"), the above-captioned debtor (the "**Debtor**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code before the Bankruptcy Court for the Northern District of Georgia (the "**Court**").

4.     Additional information about the Debtor's business and events leading up to the Petition Date may be found in the *Declaration of Phillip Miles In Support of Debtor's First Day Motions* (EFC No. 17) and *First Amended Disclosure Statement for the Chapter 11 Plan of Liquidation for Curepoint, LLC Pursuant to Chapter 11 of the Bankruptcy Code* (ECF No. 339).

5.     The Court approved the appointment of the David A. Wender as the Chapter 11 Trustee (the "**Chapter 11 Trustee**") on October 19, 2022. (ECF No. 108).

6.     On November 7, 2022, the Chapter 11 Trustee filed, on an emergency basis, the Sale Motion seeking, among other things, the authority to conduct a sale of substantially all of the Debtor's assets (the "**Sale**"), approval of procedures in connection with the Sale, and for the Court's final approval of the resulting Sale. (*See* ECF No. 124).

7.     On November 18, 2022, the Court entered its order granting the Sale motion (*see* ECF No. 145) (the "**Sale Procedures Order**"), which, among other things, granted the Chapter 11 Trustee the authority to conduct the Sale, approved procedures to effectuate the same, and scheduled a final sale hearing to occur on December 15, 2022.

8.     The Court approved the Sale on December 15, 2022 (ECF No. 200), and the Sale closed on December 21, 2022.

9.     On August 29, 2023, the Chapter 11 Trustee filed his disclosure statement and the Liquidating Plan. On December 22, 2023, the Court entered the Confirmation Order, finding sufficient factual and legal bases to confirm the Liquidating Plan, including the settlement, release, and injunction provisions contained therein.

10.     On December 29, 2023, at 11:59 p.m. (the "**Effective Date**"), the Liquidating Plan became effective and binding on the Debtor's creditors and other parties-in-interest. (*See* ECF No. 367).

11.     The Confirmation Order approved David A. Wender as the Liquidating Trustee (the "**Liquidating Trustee**"), stating that the Trustee has the power to distribute proceeds to general unsecured creditors, carry out the provisions of the Liquidating Plan, and to seek entry of an order closing the estate. *See* Confirmation Order at ¶ 13(g).

12.     On May 2, 2024, the Liquidating Trustee filed his objection (the "**Objection**") to Claim No. 6 filed by U.S. Bank, N.A. d/b/a U.S. Bank Equipment Finance ("**U.S Bank**") (ECF. No. 395).  On June 10, 2024, the Court entered an order (ECF No. 403) ("**U.S. Bank Order**") granting the Objection and finding that U.S. Bank holds only an unsecured claim in the amount of $118,661.01 (the "**U.S. Bank Allowed Claim**").  On May 21, 2025, U.S. Bank withdrew Claim No. 6 (ECF No. 442).  On June 3, 2025, the Liquidating Trustee, by and through counsel, corresponded with U.S. Bank's counsel and was informed that the outstanding amount of U.S. Bank's claim was paid by the respective guarantors.

## RELIEF REQUESTED AND ARGUMENT

13.     The Trustee respectfully requests entry of an order, in a substantial form analogous to **Exhibit A** attached hereto, (a) authorizing a first and final distribution, (b) discharging the Trustee, and (c) closing the chapter 11 case and entry of a Final Decree.

### A.  First and Final Distribution and Discharge

14.     The Trustee requests authority to distribute to participants in the Trust, in accordance with the Liquidating Plan, the Liquidation Trust Agreement, and the Confirmation Order, as applicable, and subject to the Holdbacks (defined below) those amounts set forth on **Exhibit 1** attached to the proposed plan (the "**Distribution**").  Following the Distribution, absent the Holdbacks (defined below), there will be no material assets left in the Trust and no further distribution to the Trust's participants is feasible.

15.     Following the Distribution, the Trustee shall file a *Notice of Distribution* (the "**Notice**"), evidencing that the Distribution has occurred. Any discharge or final decree

3

contemplated below, shall be contingent upon, and only effective immediately following, the Trustee's entry of the Notice.

16.    As noted above, U.S. Bank no longer holds a claim against Curepoint and is not entitled to nor shall it receive a Distribution.

17.    As part of the Trustee's efforts to make a final distribution, the Trustee seeks authorization for the maintenance and payment of the following retainers (the "**Holdbacks**"): (a) Eversheds Sutherland (US) LLP ("**Eversheds**") in the amount of $20,000 to cover any anticipated fees and costs owed to Eversheds for work done for or on behalf of the post-Effective Date Debtor and/or the Trust; (b) Stonebridge Accounting Strategies ("**Stonebridge**") in the amount of $10,500 to cover anticipated fees and costs owed to Stonebridge for work done for and on behalf of the post-Effective Date Debtor and/or the Trust; and (c) $20,000 for the anticipated payment of U.S. Trustee fees, as contemplated by 28 U.S.C. § 1930(a).

18.    Should the remainder of these Holdbacks after the satisfaction of all outstanding fees and expenses, collectively, be equal to or less than $5,000, such amount shall be donated to Hands on Atlanta as a charitable, non-taxable contribution. Should the remainder of these Holdbacks, collectively, be more than $5,000, the Trustee shall transfer the collective remainder to the Trust and distribute, without further notice, motion or order, such amount in accordance with the Liquidating Plan, Liquidation Trust Agreement, Confirmation Order, and the proposed order, as applicable.

19.    Moreover, the Trustee requests that the Court discharge him of his duties as the Trustee, as contemplated by the Liquidating Plan, Confirmation Order, Liquidation Trust Agreement and the Bankruptcy Code, as applicable. Such a discharge shall be in accordance with those agreements and the terms set forth herein.

**B.    Entry of Final Decree and Closing of the Case**

20.    Section 350(a) of the Bankruptcy Code provides, among other things, that "the court shall close the case." 11 U.S.C. § 350(a). Moreover, Bankruptcy Rule 3022, which

implements Section 350 of the Bankruptcy Code, provides that a court shall enter a final decree closing the case. Fed. R. Bankr. P. 3022.

21.     While the term "fully administered" is not defined by the Bankruptcy Code, courts consider the following, nonexclusive factors to determine if an estate has been fully administered:

(1)     whether the order confirming the plan has become final;
(2)     whether deposits required by the plan have been distributed;
(3)     whether the property proposed by the plan to be transferred has been transferred;
(4)     whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;
(5)     whether payments under the plan have commenced; and
(6)     whether all motions, contested matters, and adversary proceedings have been finally resolved.

*In re Kerley*, 2011 WL 5330667, at *1 (Bankr. N.D. Ala. Nov. 4, 2011); *Ericson v. IDC Servs., Inc. (In re IDC Servs., Inc.)*, 1998 WL 547085, at *3 (S.D.N.Y. Aug. 28, 1998).

22.     Here, upon application of the applicable factors and with the majority of those factors weighing in favor of the Trustee's requested relief, following the Distribution, this Case has been "fully administered" within the meaning of Section 350 of the Bankruptcy Code.

23.     First, the Confirmation Order has become final and non-appealable. Second, upon the Distribution contemplated herein, the transactions contemplated by the Liquidating Plan have been consummated and all property subject thereto will be distributed.  Third, all motions, contested matters, and adversary proceedings have been finally resolved.

24.     Finally, at the time of the filing of this Motion, there are no fees owed to the U.S. Trustee's office pursuant to Section 1930(a)(6) of title 28 of the United States Code.

## NOTICE

Notice of this Motion is being contemporaneously provided pursuant to the notice procedures set forth in the Liquidating Plan. In light of the nature of the relief requested, the Debtor submits that no further notice is necessary.

WHEREFORE, the Trustee respectfully requests that this Court (i) enter the Proposed Order attached hereto as **Exhibit A**, and (ii) grant the Trustee such other and further relief as the Court may deem just and proper.

Dated: July 25, 2025

**EVERSHEDS SUTHERLAND (US) LLP**

/s/ *David A. Wender*
David A. Wender (Ga. Bar No. 748117)
Nathaniel T. DeLoatch (Ga. Bar No. 216330)
Eversheds Sutherland (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
Telephone: 404.853.8175
Facsimile: 404.853.8806
Davidwender@eversheds-sutherland.com
Nathanieldeloatch@eversheds-sutherland.com

*Counsel for the Liquidating Trustee of the
Curepoint Liquidation Trust*

# **EXHIBIT A**

(Proposed Order)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Curepoint, LLC, | Case No. 22-56501-PMB |
| Debtor. | |

**ORDER (I) APPROVING FIRST AND FINAL DISTRIBUTION, (II) DISCHARGING
TRUSTEE, AND (III) ENTERING FINAL DECREE PURSUANT TO 11 U.S.C. § 350(a)
AND FED. R. BANKR. P. 3022 AND CLOSING DEBTOR'S CHAPTER 11 CASE**

Upon the filing of the *MOTION OF TRUSTEE FOR (I) APPROVAL OF FINAL
DISTRIBUTION, (II) DISCHARGE OF TRUSTEE, AND (III) ENTRY OF FINAL DECREE
CLOSING DEBTOR'S CASE* (ECF No. [●]), dated [_____] (the "**Motion**"),[2] seeking authority
for the Trustee to make a first and final distribution and for this Court to discharge the Trustee and
issue a final decree closing the present chapter 11 case, all as more fully described in the Motion;
and the Court having jurisdiction to consider the Motion and the relief requested therein in
accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief
requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper
before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been
given as provided in the Motion, and such notice having been adequate and appropriate under the
circumstances; and there being no objection to the Motion; and the Court having found and
determined that the relief sought in the Motion is in the best interests of the Debtor, its Estate, its
creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion
establish just cause for the relief granted herein; and after due deliberation and sufficient cause
appearing therefor, it is ORDERED:

---

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the
Motion.

1.      The Motion is **GRANTED** as provided herein and the Trustee is authorized to make the Distribution pursuant to the Liquidating Plan, the Liquidation Trust Agreement, and as requested in the Motion.

2.      The Trustee is authorized to effect the first and final distribution in accordance with **Exhibit 1** attached hereto.

3.      Immediately following the Trustee's filing of the Notice and the applicable quarterly Post-Confirmation Report (the "**PCR**") required by the U.S. Trustee, the Trustee is hereby discharged.

4.      Immediately following the Trustee's filing of both the applicable PCR and the Notice, the Court, pursuant to Section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, shall enter an order thereby entering the Final Decree and closing this Case; provided, however, that the Court shall retain jurisdiction over this Case as contemplated by the Liquidating Plan and Bankruptcy Code and entry of this Final Decree is without prejudice to the rights of any party in interest to seek to reopen the Case for cause shown.

5.      The Trustee is authorized to maintain the Holdbacks in the total amount of $[50,500] as set forth in the Motion. Any remainder of these Holdbacks, after their application, shall be subject to and/or distributed pursuant to the terms of the Motion, without further notice, motion, order, or action by this Court.

6.      Following the Trustee's filing of the Notice and the applicable PCR, the Trustee shall not be obligated to pay the U.S. Trustee fees in accordance with 28 U.S.C. § 1930(a) with respect to this Case; provided, however, that all fees due and owing to the U.S. Trustee (if any) at the time of the Trustee's filing of the Notice and the PCR shall be paid immediately upon the filing of those aforementioned documents.

7.      The Trustee is authorized to take all actions necessary to implement the relief granted herein and as requested in the Motion.

8.      The Trustee's rights, powers, and duties set forth in the Liquidation Trust Agreement shall remain in full force and effect.

9.      The Trustee shall have, in addition to the power stated in the Liquidation Trust Agreement, all power and authority to take all actions necessary to implement the relief granted herein and as requested in the Motion and to wind down the Trust following the filing of the Notice and the PCR and the discharge of the Trustee.

10.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

[END OF ORDER]

Prepared and presented by:

/s/_____
**EVERSHEDS SUTHERLAND (US) LLP**
David A. Wender (Ga. Bar No. 748117)
Nathaniel T. DeLoatch (Ga. Bar No. 216330)
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
Telephone: 404.853.8175
Facsimile: 404.853.8806
Davidwender@eversheds-sutherland.com
Nathanieldeloatch@eversheds-
sutherland.com

*Counsel for the Liquidating Trustee of the
Curepoint Liquidation Trust*

**<u>EXHIBIT 1</u>**

**Exhibit 1**

| Curepoint, LLC, Case No. 22-56501-pmb |
|:---:|
| **Proposed Distribution Chart** |

| Claimant | Allowed Unsecured | Proposed Distribution |
|---|---|---|
| McKesson Medical-Surgical, Inc. | $ 7,030.92 | $ 2,894.61 |
| ODK Capital, LLC | $ 51,153.90 | $ 21,059.92 |
| Newtek Small Business Finance, LLC | $ 900,000.00 | $ 370,527.45 |
| Plexe, LLC | $ 120,342.05 | $ 49,544.48 |
| LaFayette State Bank | $ 525,988.70 | $ 216,548.06 |
| Harvey Simpson | $ 146,196.00 | $ 60,188.48 |
| Aetna, Inc. | $ 2,033.66 | $ 837.25 |
| First Liberty Capital Partners, LLC | $ 375,000.00 | $ 154,386.44 |
| Premium Merchant Funding 18, LLC | $ 225,000.00 | $ 92,631.86 |
| Secure Capital, LLC | $ 81,070.50 | $ 33,376.50 |
| PointOne Capital, LLC | $ 236,339.05 | $ 97,300.12 |
| Elekta, Inc. | $ 482,798.28 | $ 198,766.68 |
| City Capital NY | $ 156,410.00 | $ 64,393.55 |
| City Capital NY | $ 290,260.00 | $ 119,499.22 |
| Aire Serv of Dublin, GA | $ 5,176.54 | $ 2,131.17 |
| Windham Brannon | $ 25,000.00 | $ 10,292.43 |
| First American Commercial Bancorp | $ 13,655.15 | $ 5,621.79 |
| **Total** | **$ 3,643,454.75** | **$ 1,500,000.00** |