**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re:<br><br>Curepoint, LLC,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 22-56501-PMB |

**NOTICE OF FILING OF MODIFIED PROPOSED ORDER**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On July 25, 2025, the Liquidation Trustee (the "**Trustee**") filed the *MOTION OF TRUSTEE FOR (I) APPROVAL OF FINAL DISTRIBUTION, (II) DISCHARGE OF TRUSTEE, AND (III) ENTRY OF FINAL DECREE CLOSING DEBTOR'S CASE* (ECF No. 445) (the "**Motion**")[1] in the United Stated Bankruptcy Court for the Northern District of Georgia (the "**Bankruptcy Court**").

2.      The Motion attached a proposed form of order as Exhibit A (the "**Initial Proposed Order**"). The Trustee hereby files a revised version of the Initial Proposed Order (the "**Revised Proposed Order**") attached hereto as **Exhibit A**. A redline reflecting the modifications between the Initial Proposed Order and the Revised Proposed Order is attached hereto as **Exhibit B**.

*(Remainder of page left intentionally blank)*

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Respectfully submitted,

/s/ *Nathaniel T. DeLoatch*
**EVERSHEDS SUTHERLAND (US) LLP**
David A. Wender (Ga. Bar No. 748117)
Nathaniel T. DeLoatch (Ga. Bar No. 216330)
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
Telephone: 404.853.8175
Facsimile: 404.853.8806
Davidwender@eversheds-sutherland.com
Natedeloatch@eversheds-
sutherland.com

*Counsel for the Liquidating Trustee of the*
*Curepoint Liquidation Trust*

**<u>EXHIBIT A</u>**

(Revised Proposed Order)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Curepoint, LLC, | Case No. 22-56501-PMB |
| Debtor. | |

**ORDER APPROVING THE MOTION OF TRUSTEE FOR (I) APPROVAL OF FINAL DISTRIBUTION, (II) DISCHARGE OF TRUSTEE, AND (III) ENTRY OF FINAL DECREE CLOSING DEBTOR'S CASE, AS PROVIDED HEREIN**

Upon the filing of the *MOTION OF TRUSTEE FOR (I) APPROVAL OF FINAL DISTRIBUTION, (II) DISCHARGE OF TRUSTEE, AND (III) ENTRY OF FINAL DECREE CLOSING DEBTOR'S CASE* (ECF No. 445), dated July 25, 2025 (the "**Motion**"),[1] seeking authority for the Trustee to make a first and final distribution and for this Court to discharge the Trustee and issue a final decree closing the present chapter 11 case, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its Estate, its creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is ORDERED:

1. The Motion is **GRANTED** as provided herein.

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2.      The Trustee is authorized to make the Distribution as contemplated in **Exhibit 1** attached hereto, pursuant to the Liquidating Plan and the Liquidation Trust Agreement.

3.      Notwithstanding, the Trustee is authorized to withhold from the Liquidation Trust's assets such amounts as necessary to satisfy fees and expenses of the Trustee, the Trustee's professionals, and the U.S. Trustee. For the avoidance of doubt, the Trustee shall continue to file such reports and pay applicable fees to the U.S. Trustee as required by applicable law until the closure of the Case.

4.      Upon (i) completion of the Distribution, (ii) filing of requisite reports, and (iii) payment of respective U.S. Trustee fees, counsel for the Trustee shall file with the Court an Application for Final Decree (the "**Application**"), evidencing compliance with the foregoing and requesting that the (i) Trustee be discharged and (ii) Case be closed.

5.      Immediately following the Court's granting of the Application, the Court, pursuant to applicable law, shall enter an order: (i) discharging the Trustee, and (ii) entering a Final Decree and closing the Case; provided, however, that the Court shall retain jurisdiction over this Case as contemplated by the Liquidating Plan and Bankruptcy Code and entry of this Final Decree is without prejudice to the rights of any party in interest to seek to reopen the Case for cause shown.

6.      The Trustee is authorized to take all actions necessary to implement the relief granted herein.

7.      The Trustee's rights, powers, and duties set forth in the Liquidation Trust Agreement shall remain in full force and effect.

8.      The Trustee shall have, in addition to the power stated in the Liquidation Trust Agreement, all power and authority to take all actions necessary to implement the relief granted herein and to wind down the Trust.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

[END OF ORDER]

2

Prepared and presented by:

/s/ _____

**EVERSHEDS SUTHERLAND (US) LLP**
David A. Wender (Ga. Bar No. 748117)
Nathaniel T. DeLoatch (Ga. Bar No. 216330)
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
Telephone: 404.853.8175
Facsimile: 404.853.8806
Davidwender@eversheds-sutherland.com
Natedeloatch@eversheds-
sutherland.com

*Counsel for the Liquidating Trustee of the*
*Curepoint Liquidation Trust*

3

# **EXHIBIT 1**

## Anticipated Distributions

| Claimant | Allowed Unsecured Claim | Anticipated Distribution Amount |
|---|---|---|
| McKesson Medical-Surgical, Inc. | $ 7,030.92 | $ 2,894.61 |
| ODK Capital, LLC | $ 51,153.90 | $ 21,059.92 |
| Newtek Small Business Finance, LLC | 900,000.00 | $ 370,527.45 |
| Plexe, LLC | $ 120,342.05 | $ 49,544.48 |
| LaFayette State Bank | $ 525,988.70 | $ 216,548.06 |
| Harvey Simpson | $ 146,196.00 | $ 60,188.48 |
| Aetna, Inc. | $ 2,033.66 | $ 837.25 |
| First Liberty Capital Partners, LLC | $ 375,000.00 | $ 154,386.44 |
| Premium Merchant Funding 18, LLC | $ 225,000.00 | $ 92,631.86 |
| Secure Capital, LLC | $ 81,070.50 | $ 33,376.50 |
| PointOne Capital, LLC | $ 236,339.05 | $ 97,300.12 |
| Elekta, Inc. | $ 482,798.28 | $ 198,766.68 |
| City Capital NY | $ 156,410.00 | $ 64,393.55 |
| City Capital NY | $ 290,260.00 | $ 119,499.22 |
| Aire Serv of Dublin, GA | $ 5,176.54 | $ 2,131.17 |
| Windham Brannon | $ 25,000.00 | $ 10,292.43 |
| First American Commercial Bancorp | $ 13,655.15 | $ 5,621.79 |

| | | |
|---|---|---|
| Total Claim Amount | $ | 3,643,454.75 |
| Anticipated Total Distribution | $ | 1,500,000.00 |

**EXHIBIT B**

(Redline)

4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re:<br><br>Curepoint, LLC,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 22-56501-PMB |

**ORDER APPROVING THE MOTION OF TRUSTEE FOR (I) APPROVAL OF FINAL ~~ORDER (I) APPROVING FIRST AND FINAL~~ DISTRIBUTION, (II) ~~DISCHARGING~~DISCHARGE OF TRUSTEE, AND (III) ~~ENTERING~~ENTRY OF FINAL DECREE ~~PURSUANT TO 11 U.S.C. § 350(a) AND FED. R. BANKR. P. 3022 AND~~ CLOSING DEBTOR'S ~~CHAPTER 11~~ CASE, AS PROVIDED HEREIN**

Upon the filing of the *MOTION OF TRUSTEE FOR (I) APPROVAL OF FINAL DISTRIBUTION, (II) DISCHARGE OF TRUSTEE, AND (III) ENTRY OF FINAL DECREE CLOSING DEBTOR'S CASE* (ECF No. ~~[●]~~445), dated ~~[————]~~July 25, 2025 (the "**Motion**"),[1] seeking authority for the Trustee to make a first and final distribution and for this Court to discharge the Trustee and issue a final decree closing the present chapter 11 case, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and ~~there being no objection to the Motion; and~~ the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its Estate, its creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is ORDERED:

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1.    The Motion is **GRANTED** as provided herein ~~and the~~ .

2.     The Trustee is authorized to make the Distribution as contemplated in **Exhibit 1** attached hereto, pursuant to the Liquidating Plan~~,~~ and the Liquidation Trust Agreement~~, and as requested in the Motion~~.

3.    Notwithstanding, the Trustee is authorized to withhold from the Liquidation Trust's assets such amounts as necessary to satisfy fees and expenses of the Trustee, the Trustee's professionals, and the U.S. Trustee. For the avoidance of doubt, the Trustee shall continue to file such reports and pay applicable fees to the U.S. Trustee as required by applicable law until the closure of the Case.

4.     Upon (i) completion of the Distribution, (ii) filing of requisite reports, and (iii) payment of respective U.S. Trustee fees, counsel for the Trustee shall file with the Court an Application for Final Decree (the "**Application**"), evidencing compliance with the foregoing and requesting that the (i) Trustee be discharged and (ii) Case be closed.

~~2. The Trustee is authorized to effect the first and final distribution in accordance with **Exhibit 1** attached hereto.~~

~~3. Immediately following the Trustee's filing of the Notice and the applicable quarterly Post-Confirmation Report (the "PCR") required by the U.S. Trustee, the Trustee is hereby discharged.~~

5.    ~~4.~~ Immediately following the ~~Trustee's filing of both the applicable PCR and the Notice~~ Court's granting of the Application, the Court, pursuant to ~~Section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022~~ applicable law, shall enter an order ~~thereby~~: (i) discharging the Trustee, and (ii) entering ~~the~~ a Final Decree and closing ~~this~~ the Case; provided, however, that the Court shall retain jurisdiction over this Case as contemplated by the Liquidating Plan and Bankruptcy Code and entry of this Final Decree is without prejudice to the rights of any party in interest to seek to reopen the Case for cause shown.

~~5. The Trustee is authorized to maintain the Holdbacks in the total amount of $[50,500] as set forth in the Motion. Any remainder of these Holdbacks, after their application, shall be~~

2

~~subject to and/or distributed pursuant to the terms of the Motion, without further notice, motion, order, or action by this Court.~~

~~6. Following the Trustee's filing of the Notice and the applicable PCR, the Trustee shall not be obligated to pay the U.S. Trustee fees in accordance with 28 U.S.C. § 1930(a) with respect to this Case; provided, however, that all fees due and owing to the U.S. Trustee (if any) at the time of the Trustee's filing of the Notice and the PCR shall be paid immediately upon the filing of those aforementioned documents.~~

6. ~~7.~~ The Trustee is authorized to take all actions necessary to implement the relief granted herein ~~and as requested in the Motion~~.

7. ~~8.~~ The Trustee's rights, powers, and duties set forth in the Liquidation Trust Agreement shall remain in full force and effect.

8. ~~9.~~ The Trustee shall have, in addition to the power stated in the Liquidation Trust Agreement, all power and authority to take all actions necessary to implement the relief granted herein and ~~as requested in the Motion and~~ to wind down the Trust ~~following the filing of the Notice and the PCR and the discharge of the Trustee~~.

9. ~~10.~~ This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

[END OF ORDER]

Prepared and presented by:

/s/_____
**EVERSHEDS SUTHERLAND (US) LLP**
David A. Wender (Ga. Bar No. 748117)
Nathaniel T. DeLoatch (Ga. Bar No. 216330)
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
Telephone: 404.853.8175
Facsimile: 404.853.8806
Davidwender@eversheds-sutherland.com
Nathanieldeloatch@eversheds-sutherland.com

*Counsel for the Liquidating Trustee of the*
*Curepoint Liquidation Trust*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CUREPOINT, LLC, | Case No. 22-56501- PMB |
| Debtor. | |

**CERTIFICATE OF SERVICE**

I certify that, on September 16, 2025, I caused to be filed the foregoing notice and

attachments thereto, which caused the same to be served upon all parties registered via CM/ECF.

Dated: September 16, 2025

Respectfully submitted,

/s/ _Nathaniel T. DeLoatch_
Nathaniel T. DeLoatch (216330)
Eversheds Sutherland (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996
Telephone: 404.853.8356
Facsimile:  404.853.8356
natedeloatch@eversheds-
sutherland.com